Plaintiff in error was tried and convicted in the Circuit Court of Marion County upon an indictment *Page 25 
wherein it was charged that on a certain date and in said county he did unlawfully have in his possession, custody and control certain intoxicating liquors and that he had previously been convicted of the same offense.
Motion to quash the indictment was filed and denied. While the record does not show that the defendant was arraigned or that he pleaded to the indictment, there is no assignment of error raising this point. There is no affirmative showing made by plaintiff in error, in the transcript of the record which he has brought before us under special Rule 3, that these things were not done. While it is not the purpose of a bill of exceptions to supply omissions of matters which should be shown by the record proper, the judge's general charge as contained in the bill of exceptions shows that the defendant had pleaded not guilty. And the recital in the record proper that the jury were sworn to try the case "upon the issues joined" indicates the same thing. The record shows that the defendant was present during the proceedings and when the verdict was returned and judgment and sentence imposed.
The direction to the clerk did not request the insertion in the transcript of the arraignment or plea, though the other proceedings and papers embraced in the transcript are specifically mentioned. The certificate of the clerk is that the transcript, which was evidently prepared under special Rule 3, contains a correct transcript of the record of the judgment in the case, "and a true and correct recital and copy of all such papers and proceedings in said cause as appears upon the records and files of my office that have been directed to be included in said transcript by the written demands of the said parties." So the arraignment and plea may have been shown by the record in the court below, and plaintiff in error overlooked directing the inclusion of same in the record. If such was the case, would this *Page 26 
court be warranted in reversing the judgment on account of the negligent omissions of the plaintiff in error? This shows the wisdom of the rule heretofore announced by this court that the plaintiff in error and his attorney are charged with the duty of bringing to the appellate court a correct and truthful transcript of the record in the trial court, and making it thereby to appear that the error, for the commission of which he asks that the verdict and judgment of the trial court be reversed, was committed by such court. Lovett v. State, 29 Fla., 384 text, 403. 11 So. R., 176 text, 180; O'Steen v. State, 92 Fla., 1062, 111 So. R., 725.
The contention that the evidence in the record does not expressly show that the offense was committed in Marion County, is correct, but it does show the defendant was found in possession of the liquor "on the road between Sharpe's Ferry and Ocala about one mile west of the bridge." The rule is that where the evidence does not expressly locate the crime as having been committed in the county charged in the indictment, but there are sufficient references to localities to identify it, it is sufficient proof of the venue. We think this case falls within the operative effect of that rule.
It is insisted that the court below erred in admitting in evidence the certified copy of the record of the former conviction before County Judge L. E. Futch. This document showed the affidavit made before the County Judge sufficiently charging the offense, the warrant and the return of its execution, and the judgment entry, which latter gives the style of the case, the crime charged, recites the taking of the affidavit, and the issuance of the warrant, its execution, and the bringing of the defendant into court, his arraignment and plea of guilty. Then follows: "Whereupon it is considered, ordered and adjudged that the defendant, Paul Timmons, pay a fine of $300.00 and the cost of court; that in default of payment of fine and costs that he be confined *Page 27 
in the County jail six months, in addition to his former sentence for selling liquor. Given under my hand this 23rd day of January, A.D. 1928. L. E. Futch, County Judge."
The admission of this alleged judgment roll was objected to because it did not appear therefrom that the defendant was ever adjudged to be guilty by the County Judge. This objection was well founded.
The word "convicted" as used in the indictment against the defendant, under the statute upon which it is founded (Sec. 5486, Rev. Gen. Stats., 7630 of Comp. Gen. Laws of 1927), means that the defendant had been formerly adjudged to be guilty by the County Judge's court of Marion County. Conviction includes a judgment of the court as well as a plea or verdict of guilty. Smith v. State, 75 Fla., 468, 78 So. R. 530.
In Johnson v. State, 81 Fla., 783, 89 So. R. 114, the judgment was that "the defendant having been arraigned and plead guilty to having in his possession two gallons of moonshine whiskey at his place of business and two gallons moonshine whiskey at his residence; it is considered, ordered and adjudged that the defendant, Luke Johnson, be confined in the county jail for the term of six months at hard labor." In the opinion by Mr. Justice WHITFIELD it was said: "The judgment and sentence of the county judge's court, predicated upon the plea of guilty, should have contained a definite adjudication of the defendant's conviction followed by the sentence which the law imposed." Citing Harris v. State, 75 Fla., 527, 78 So. R., 526; Pensacola Lodge, etc., v. State, 74 Fla., 498, 77 So. R., 613, which support the proposition announced. In the case last cited, the court held that a judgment similar to the one under discussion was not a sufficient final judgment to support a writ of error. See also Norwood v. State, 80 Fla., 613, 86 So. R., 506. In a case of this kind, this court, in Gordon v. *Page 28 
State, 86 Fla., 255, 97, So. R., 428, said that in view of the fact that under the statute the second conviction raises a misdemeanor to the grade of a felony, "a decent regard for the rights and liberty of the accused, however humble his station in life, ought to, and does, require that nothing less than a judgment of conviction, plainly setting forth the former offense, and adjudging the accused guilty thereof, will suffice as a basis for the second prosecution."
For the error pointed out, the judgment must be reversed. It is not deemed necessary to discuss the remaining assignments.
Reversed.
TERRELL, C. J. AND ELLIS, J., concur.
WHITFIELD, P. J. AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.