56 So.2d 536 (1952)
WEATHERS
v.
STATE.
Supreme Court of Florida, Division A.
January 29, 1952.
Rehearing Denied February 21, 1952.
*537 P. Donald DeHoff, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and Leonard Pepper, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
An information was filed in the Criminal Court of Record of Duval County charging Walter W. Ziegler, alias Dr. W.W. Winnenger, alias William W. Wininger, with performing an abortion upon a certain woman and charging the appellant with having "before said felony * * * was committed," counseled, hired, moved, encouraged, commanded, and incited, and in other ways procured the codefendant to transgress the law. We have italicized the quotation because of the relevancy of the phrase to the appellant's first question.
In substance he asks whether the information charged him with having been an accessory before the fact or a principal in the second degree. The state concedes that he was described as an accessory, and we readily agree. Of course, the main distinction between the two is the absence or presence of the accused at the time the offense was perpetrated.
We would not further pursue this aspect of the appeal but for appellant's apparent apprehension that he was eventually adjudged guilty as a principal, a position he was not alleged to have assumed.
The record does not support the position. Ziegler-Winninger, as the state chooses to call him, pleaded guilty and was adjudged so before the appellant was convicted. The jury returned a verdict of guilty "as charged." The information, the evidence relevant to it, and the verdict all harmonize on the appellant's status as an accessory.
The court's charge to the jury both from a standpoint of substance and procedure affords no substantiation of appellant's position on the first point. The court concretely defined the elements of the offense charged to appellant, that is, they should convict him if they believed beyond a reasonable doubt Ziegler-Winninger performed the abortion and appellant beforehand encouraged the criminal transaction.
True, the judge charged the jury in the abstract on the subject of principals, but this did not neutralize what he had said of the particular circumstances of this case, and, in fine, even had there been error it was not preserved for consideration here, because the judge inquired at the conclusion of his charges whether there was objection to them on the part of the defendant, and his counsel categorically replied, "No, sir."
Without exploring the rule on the proof of a crime of high degree being sufficient to support conviction of a crime of lesser degree where the elements of the latter are included in the former, and without further discussion of principals and accessories, we pass to the next question with confidence that no error has so far been demonstrated.
The appellant feels aggrieved because the judge rejected a requested charge on the value of an accomplice's testimony and gave one of his own. We have compared them, and we conclude that the one by *538 which the jury was guided does not suffer by the comparison. The inherent weakness of such testimony was drawn to the jury's attention, and that body was admonished to receive it and to weigh it with great caution. No disadvantage redounded to appellant on that score.
Next the appellant complains about questions asked witnesses and statements made to the jury by the prosecutor that inflamed the minds of the jurors and prejudiced the rights of the defendant. The excerpts from the record showing these incidents are grouped under the question, so it is difficult to remark upon them seriatim  so difficult, in fact, that we will content ourselves with saying that each objection has been examined and that those having any merit at all were properly decided by the court without any harm to the defendant's case.
When the codefendant pleaded guilty, the court adjudged him guilty and announced that sentence was deferred. The appellant now assails that procedure as insufficient determination of the charge against the principal to furnish a foundation for conviction of himself as accessory.
The statute, Sec. 776.02, Florida Statutes 1949, and F.S.A., provides that "Whoever counsels, hires or otherwise procures a felony to be committed, may be * * * convicted as an accessory before the fact, either with the principal felon or after his conviction * * *." (Italics furnished.)
The question, then, is whether the adjudication of guilt of Ziegler-Winninger in the manner we have described amounted to such a prior conviction as to satisfy the requirement of the statute.
From an examination of the opinions of this court on the subject it seems clear that a conviction amounts to more than a verdict of a jury finding guilt, but it is not clear whether conviction has been taken to mean a sentence as well as a judgment of guilty. Confusion seems to have resulted from the indiscriminate linking of "judgment" with "sentence," and with "punishment."
Our present thought is that one is convicted when the jury returns a verdict of guilty and the judge clinches the finding by adjudicating the guilt though the prisoner may never be punished. How can it be logically said that a man is innocent because he has never been punished? The finding by jury and adjudication by court settle the fact of guilt; the punishment when meted out is simply the penalty for established misconduct.
This view seems to harmonize with Sec. 285 of the Criminal Procedure Act, Chapter 19554, Laws of Florida, Acts of 1939, affording a defendant the right to appeal from (1) "A final judgment of conviction" and (2) an illegal or excessive sentence. Subsequently the legislature, in establishing a parole system, provided that a probationer could appeal from a judgment of guilt although sentence had been suspended. The original provisions of the two acts now appear as Sec. 924.06, Florida Statutes 1949, and F.S.A.
So the law now is that an appeal may be taken from a judgment of guilt, although sentence has been suspended, and from an illegal or excessive sentence. It seems sensible, then, to hold that the "conviction" of a principal, prerequisite to the conviction of an accessory, means adjudication of guilt irrespective of sentence. Were a contrary ruling adopted and the provisions of Chapter 948, Florida Statutes 1949, and F.S.A., invoked in a case like this, an impasse would immediately be created, for if the principal were placed on probation with imposition of sentence suspended, judgment of the guilt of the accessory would have to be deferred; and if the probationer did not violate his probation during the maximum period of its existence, the accessory could never be adjudged guilty. Such a situation, which might easily develop, would demonstrate the unwisdom of a ruling that conviction includes punishment as well as adjudication of guilt.
The judgment is affirmed.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.