142 So.2d 273 (1962)
DELTA TRUCK BROKERS, INC., and Lillian Walsh McInvale, Petitioners,
v.
Wilbur C. KING, Chairman and Member, Jerry W. Carter, Member, and Edwin L. Mason, Member, Jointly and Collectively Forming and Composing Florida Railroad and Public Utilities Commission, Respondents.
No. 31343.
Supreme Court of Florida.
March 7, 1962.
Rehearing Denied June 13, 1962.
J.B. Rodgers, Jr., and Rodgers & Kirkland, Orlando, for petitioners.
*274 Lewis W. Petteway and Kenneth Gatlin, Tallahassee, for respondents.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review an order of the respondent Florida Railroad and Public Utilities Commission denying an application for transfer of an auto transportation brokerage license.
We must determine whether the respondent Commission deviated from the essential requirements of the law in holding that the proposed transferee failed to meet the qualifications prescribed by the applicable statutes.
Petitioner McInvale was the owner of an auto transportation brokers license. For brevity we shall refer to the license as an A.T.B. license. McInvale and Delta Truck Brokers, Inc., petitioned for authority to assign the license to Delta, as transferee. At the original hearing on the petition on May 4, 1960, no testimony was offered in opposition to the transfer. One witness, David Walker, appeared and merely stated "I protest under Section 323.31." The hearing examiner filed a recommended order granting the transfer application. There were numerous petitions for reconsideration which, in each instance, resulted in an order of the respondent Commission approving the transfer. Ultimately, however, protestants filed a final petition for reconsideration which resulted in an order by respondent revoking its former orders and denying the transfer. This order was entered on May 11, 1961, almost exactly one year after the initial hearing. In the interim the respondent had several times found the transferee qualified to receive the transfer. The respondent Commission based its order now under review upon a finding that prior to the original application for transfer, the transferee had held itself out as an auto transportation broker without having previously obtained a license so to do. We must now decide whether by the entry of this order the respondent deviated from the essential requirements of the law.
By Section 323.31 et seq., Florida Statutes, F.S.A., the respondent Commission is authorized to regulate auto transportation brokers. A license is issued pursuant to application and hearing. Section 323.31(3), Florida Statutes, F.S.A., prescribes the showing that must be made in the application. There are numerous requirements but the only one applicable here is Section 323.31(3) (a) (2), which reads as follows:
"He has not been convicted of engaging in the business of auto transportation brokerage without a proper license in the past twelve months; and no legal proceedings are pending against him for violation of this section." (Emphasis added)
It will be noted that in the original application it is required that the applicant state that he has not been "convicted" of engaging in the auto transportation brokerage business without a license.
The transfer of an A.T.B. license is provided for by Section 323.31(6), which reads as follows:
"Assignment of license.  No auto transportation brokerage license issued under the provisions of this section may be assigned or transferred without the consent of the Florida railroad and public utilities commission authorizing such transfer. Applications shall be filed jointly by the assignor and the assignee and shall be subject to the same provisions as to hearing and notice as original applications for licenses. The commission may reasonably alter, restrict or modify the terms and provisions of any such license or impose restrictions on such transfer where the public interest may be best served thereby." (Emphasis added)
*275 An inspection of the section last quoted will reveal that an application for a transfer of an A.T.B. license is subject to the same provisions as to hearing and notice, as is an original application for a license. The effect of this requirement simply is that the Legislature has prescribed the same qualifications for a transferee as it has for an original applicant. It will be recalled that the original applicant must show that he has not been "convicted" of engaging in the business without a license. Conviction is therefore the disqualifying element which the Legislature has prescribed. Unless it is shown that the original applicant or a transferee has actually been convicted, there is no disqualification under this section.
Nothing whatever indicates that the transferee Delta was ever convicted or even charged with the offense of engaging in an auto transportation business without a license. The offense is designated as a misdemeanor and is subject to the penalties described by Section 323.35, Florida Statutes, F.S.A. On the basis of certain testimony at one of the numerous hearings the respondent Commission undertook to determine the existence of facts which led it to conclude that the transferee had in some particular undertaken the functions of an auto transportation broker before it received a license. Nowhere is there any showing whatever that there had been a conviction. The term "conviction" has an accepted meaning in applying statutes of this nature. It simply means a determination of guilt and a judgment of guilt by a court of competent jurisdiction in a criminal proceeding. Weathers v. State, Fla., 56 So.2d 536; Smith v. State, 75 Fla. 468, 78 So. 530; Timmons v. State, 97 Fla. 23, 119 So. 393, 9 Fla.Jur., Criminal Law, Sec. 9, p. 18. We hold, therefore, that there was no authority in the respondent Commission to deny the transfer upon its own determination that the criminal laws had been violated. On the other hand, the sole legislative authority to deny the transfer on this ground required a showing of actual conviction. The record was totally devoid of any such showing.
The respondent seeks to buttress its position with the contention that upon any application for a transfer the Commission may alter or otherwise impose restrictions on "such transfer where the public interest may be best served thereby." Section 323.31(6), supra. In reply the petitioners contend that such a broad statutory prescription without accompanying legislative standards constitutes an unconstitutional delegation of legislative power to an administrative board. Again we are compelled to agree with the petitioners. The Constitution vests the legislative power of the state in the State Legislature. Article III, Section 1, Florida Constitution, F.S.A. The Legislature may, of course, delegate the performance of certain functions to administrative agencies provided that in doing so it announces adequate standards to guide the ministerial agency in the execution of the powers delegated. The Legislature cannot delegate to an administrative agency, even one clothed with certain quasi-judicial powers, the unbridled discretion to adjudicate private rights. It is essential that the act which delegates the power likewise defines with reasonable certainty the standards which shall guide the agency in the exercise of the power. Husband v. Cassel, Fla., 130 So.2d 69. See also Drexel v. City of Miami Beach, Fla., 64 So.2d 317; North Bay Village v. Blackwell, Fla., 88 So.2d 524.
Applying this rule to the particular language of the statute here involved, it is obvious that the legislative delegation of power to the respondent Commission is totally devoid of any standards whatsoever. It leaves to the Commission the authority to exercise an unlimited discretion in forming its opinion as to when and how "the public interest may be best served." The Legislature has not in any degree laid down a rule which defines, even generally, what constitutes "the public interest." An applicant *276 for a transfer has no legislative guide as to the showing which he is required to make to meet this requirement. The respondent Commission, on the other hand, is granted the power to decide, in its own discretion, just what constitutes "the public interest." Such a delegation of power is violative of the organic law and must fall. We, therefore, hold that the following sentence appearing in Section 323.31(6), Florida Statutes, F.S.A., is unconstitutional and must be eliminated:
"The commission may reasonably alter, restrict or modify the terms and provisions of any such license or impose restrictions on such transfer where the public interest may be best served thereby."
The content of the sentence which we have stricken, however, does not so permeate the remainder of the statute as to require the elimination of anything more than the particular offending language. The remainder of the statute can stand without it. Cramp v. Board of Public Instruction, Fla., 137 So.2d 828.
We, therefore, find that in rejecting the recommendations of the examiner and in refusing to approve the transfer of the subject license, respondent Commission deviated from the essential requirements of the law. The order under review is quashed and the matter is remanded to respondent for further proceedings consistent herewith.
It is so ordered.
ROBERTS, C.J., DREW and O'CONNELL, JJ., and McCORD, Circuit Judge, concur.

ON PETITION FOR REHEARING
PER CURIAM.
By petition for rehearing the respondent Commission has indicated concern that our opinion regarding certain language in Section 323.31(6), Florida Statutes, F.S.A., might serve as a precedent to reflect adversely upon the validity of similar language in other statutes such as Sections 323.041(3), 323.041(5), 350.12(2) (m) and others governing the powers of the respondent.
The effect of this opinion should be limited to the offending language as it appears in Sections 323.31(2) and 323.31(6), Florida Statutes, F.S.A. The opinion should not be construed as passing upon the validity of the language of any other section of the statutes which if employed in a different context might not be subject to the same constitutional infirmities that condemned the language in the instant case.
Subject to the foregoing clarification of our opinion, the petition for rehearing is denied.
It is so ordered.
ROBERTS, C.J., and DREW, THORNAL and O'CONNELL, JJ., and McCORD, Circuit Judge, concur.