450 So.2d 1126 (1984)
John ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2000.
District Court of Appeal of Florida, Fourth District.
March 7, 1984.
Rehearing Denied June 27, 1984.
Richard L. Jorandby, Public Defender, Gary Caldwell, Asst. Public Defender, and Barbara White, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Marlyn J. Altman, and Sharon Lee Stedman, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged with grand theft of an airplane and eventually convicted after jury trial of the lesser included offense of temporary unauthorized use of the airplane. Three points are raised on appeal, one of which we conclude merits reversal. The State attempted to impeach the appellant *1127 by demonstrating that he had been convicted of a prior crime. This impeachment was improper in accordance with Section 90.610(1), Florida Statutes (1981), re: conviction of certain crimes as impeachment. We, therefore, reverse the conviction and sentence and remand for a new trial.
ANSTEAD, C.J., BERANEK, J., and COCALIS, PATRICIA W., Associate Judge.

ON REHEARING
PER CURIAM.
The petition for rehearing is hereby denied.
BERANEK, J., and COCALIS, PATRICIA W., Associate Judge, concur.
ANSTEAD, C.J., concurs specially with opinion.
ANSTEAD, C.J., concurring specially:
I concur specially only to note that our prior opinion is in direct conflict with the Second District's opinion in Barber v. State, 413 So.2d 482 (Fla. 2d DCA 1982). In Barber, the Second District embraced the view adopted in a number of federal circuits that a finding of guilt by a jury should logically be just as sufficient as a finding followed by an adjudication, to serve as a predicate for impeaching a witness' veracity. However logical this view may appear, I presume the legislature was aware, when it enacted section 90.610(1) that the Florida Supreme Court had already announced:
This court has so often expressed the opinion that the word "conviction" includes the judgment of the court, as well as a plea or verdict of guilty, that such definition of the word as used in the statute or plea invoked to describe the effect of a former conviction in a subsequent cause may be said to be firmly established.
Smith v. State, 75 Fla. 468, 78 So. 530, 532 (1918). Since the Florida Supreme Court had already taken a clear-cut view of the meaning of "conviction," I believe we are bound to construe section 90.610(1) as intending to incorporate that definition when this provision was passed. In addition, since the evidence code was also adopted by the Florida Supreme Court as a rule of court, it is safe to assume that the court itself was aware of its prior definition.
I also cannot agree with the Second District's suggestion that a person who is placed on probation, with adjudication withheld, cannot be subject to impeachment, whereas a person who has entered a plea or had a verdict returned against him, will be subject to impeachment, although not adjudicated, at least until a decision is made to place him on probation or otherwise "finally" decide to withhold adjudication. Whatever logic there is to including all persons who are found guilty by a jury (or who plead guilty) within the class of persons "convicted," that logic surely continues regardless of the fact that the same person is placed on probation by the grace of the sentencing court. As the Supreme Court in Smith I would opt for the established and clear-cut legal meaning of conviction which includes adjudication. Adopting different meanings for the same word depending on the situation can only result in confusion and inconsistency in purpose and result when anyone uses the term.