570 So.2d 360 (1990)
Aurelian SMITH, Jr., Appellant,
v.
John M. BARTLETT, Appellee.
No. 90-721.
District Court of Appeal of Florida, Fifth District.
October 25, 1990.
Rehearing Denied December 3, 1990.
Dwight Chamberlin of Monaco, Smith, Hood & Perkins, Daytona Beach, for appellant.
Diego Handel, Ormond Beach, for appellee.
HARRIS, Judge.
Aurelian Smith, Jr. was found guilty of aggravated battery against John M. Bartlett. Although adjudication of guilt was withheld, Smith was placed on probation and ordered to pay restitution. In this civil action for damages which followed the criminal trial, the trial court entered a partial summary judgment determining liability of Smith based on section 775.089(8), Florida Statutes (1989) which provides:
(8) The conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent civil proceeding. An order of restitution hereunder will not bar any subsequent civil remedy or recovery, but the amount of such restitution shall be set off against any subsequent independent civil recovery.
Smith contends that since he was not "convicted" the above-cited statute is inapplicable and the partial summary judgment should be reversed. He argues that the Supreme Court of Florida has defined "conviction" as "the adjudication by the court of the defendant's guilt and the pronouncement by the court of the penalty imposed upon the defendant." State v. Smith, 160 Fla. 288, 34 So.2d 533 (1948); Weathers v. State, 56 So.2d 536 (Fla. 1952), cert. denied, 344 U.S. 896, 73 S.Ct. 276, 97 L.Ed. 692 (1952); and Delta Truck Brokers, Inc. v. King, 142 So.2d 273 (Fla. 1962).
While the definition of conviction seems clear, still it must be considered in the context of the cases defining it. In Smith, the issue was whether one who escaped from prison and committed a second felony could be sentenced as a habitual offender since he had not completed his first sentence when he committed his second felony. The court held that the adjudication of guilt by the judge and the pronouncement of the sentence was sufficient to satisfy the conviction requirement in the habitual offender statute. In Weathers, the defendant was tried as an accessory before the fact of procuring a felony to be committed by encouraging (hiring) his codefendant to perform an abortion. At the time of his trial, the codefendant had pleaded guilty and had been adjudicated guilty but the *361 sentence had been deferred. Weathers argued that the failure to sentence the principal constituted an insufficient determination of the charges against the principal to furnish a foundation for his conviction as an accessory. The court held the principal's conviction was complete upon his plea and adjudication even if punishment was never imposed. In King, the issue was whether an administrative agency could substitute its finding that an applicant had engaged in the auto transportation brokerage business without a license in place of the statutory requirement that such applicant had been convicted of such conduct before the agency could deny the license transfer. The court rejected the agency's position and held that the statute required "a determination of guilt and a judgment of guilt by a court of competent jurisdiction."
Our supreme court, since these decisions, has distinguished a "judgment of conviction" (which requires an adjudication) from a "conviction" (which does not necessarily require an adjudication). State v. Gazda, 257 So.2d 242 (Fla. 1971). In Gazda, the court interpreted section 775.14, Florida Statutes which provided:
Limitation on withheld sentence.  Any person receiving a withheld sentence upon conviction for a criminal offense, and such withheld sentence has not been altered for a period of five years, shall not thereafter be sentenced for the conviction of the same crime for which sentence was originally withheld.
The court held that the term conviction as used in this statute meant "determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court." See also Barber v. State, 413 So.2d 482 (Fla. 2d DCA 1982); and Johnson v. State, 449 So.2d 921 (Fla. 1st DCA 1984), rev. denied, 458 So.2d 274 (Fla. 1984) (both holding that adjudication is not necessary for a conviction to justify impeachment);[1]Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987) (holding that adjudication is not necessary for a former conviction to justify a double jeopardy argument); and Maxwell v. State, 336 So.2d 658 (Fla. 2d DCA 1976) (holding that the absence of an adjudication does not prevent the conviction from being considered in a habitual offender proceeding).
We hold that one who pleads guilty or is found guilty by a jury has been "convicted" under the provisions of section 775.089(8) even in the absence of an adjudication.
The partial summary judgment is affirmed.
COWART and GOSHORN, JJ., concur.
NOTES
[1] We acknowledge but choose not to follow the dicta to the contrary in Parker v. State, 563 So.2d 1130 (Fla. 5th DCA 1990).