732 So.2d 412 (1999)
Gregory McFADDEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-91.
District Court of Appeal of Florida, Third District.
April 14, 1999.
*413 Bennett H. Brummer, Public Defender and Maria E. Lauredo, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Linda S. Katz, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
SCHWARTZ, Chief Judge.
The appellant's conviction of the domestic battery of Sharon Hudgins is reversed for a new trial because of a series of interrelated errors arising from the introduction of evidence, in purported impeachment of his testimony at trial, that the defendant had previously pled guilty to a separate aggravated battery upon the same identified victim in a case in which adjudication was withheld:
1. First and fundamentally, we conclude that there should have been no reference whatever to the previous case because withholding adjudication simply does not result in the defendant's having been "convicted" of an offense as is required to impeach a witness under section 90.610(1), Florida Statutes (1997).[1] We hold that this is true even though it was preceded by a plea of guilty, rather than one of nolo contendere as in State v. Raydo, 713 So.2d 996 (Fla.1998). We recognize that there is Florida authority which points in the opposite direction, see Johnson v. State, 449 So.2d 921 (Fla. 1st DCA)(guilty plea), review denied, 458 So.2d 274 (Fla.1984); Barber v. State, 413 So.2d 482 (Fla. 2d DCA 1982)(jury verdict of guilt); see also Raydo v. State, 696 So.2d 1225, 1226 (Fla. 1st DCA 1997)(distinguishing between withhold after guilty plea and after nolo plea), approved in part, quashed in part, 713 So.2d 996 (Fla.1998), and that the Supreme Court has specifically declined to reach this very question in Raydo, 713 So.2d at 1001 n. 7 (Fla.1998). Like the Fifth District in Parker v. State, 563 So.2d 1130, 1131 (Fla. 5th DCA 1990), dismissed, 569 So.2d 1280 (Fla.), however, we rely on and follow the reasoning of then-Judge Anstead in Roberts v. State, 450 So.2d 1126, 1127 (Fla. 4th DCA 1984)(Anstead, J., specially concurring), review denied, 461 So.2d 116 (Fla.), which expressed his disagreement with Barber on the ground that:
However logical this view may appear, I presume the legislature was aware, when it enacted section 90.610(1) that the Florida Supreme Court had already announced:
This court has so often expressed the opinion that the word "conviction" includes the judgment of the court, as well as a plea or verdict of guilty, that such definition of the word as used in the statute or plea invoked to describe the effect of a former conviction in a subsequent cause may be said to be firmly established.

Smith v. State, 75 Fla. 468, 78 So. 530, 532 (1918). Since the Florida Supreme Court had already taken a clear-cut view of the meaning of "conviction," I believe *414 we are bound to construe section 90.610(1) as intending to incorporate that definition when this provision was passed. In addition, since the evidence code was also adopted by the Florida Supreme Court as a rule of court, it is safe to assume that the court itself was aware of its prior definition.
Roberts, 450 So.2d at 1127; accord Parker, 563 So.2d at 1130; see McCrae v. State, 395 So.2d 1145 (Fla.1980), cert. denied, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981); see also Childers v. Department of Environmental Protection, 696 So.2d 962 (Fla. 1st DCA 1997)(dictum). Ward v. State, 433 So.2d 1221 (Fla. 3d DCA 1983), cited by the prosecution, deals with the entirely separate issue of the standards for withdrawing a guilty plea and is plainly not to the contrary of this conclusion.
2. This basic error was compounded and new ones created when the lower court permitted the prosecutor to point out both the precise nature of the previous conviction and the identity of the victim by stating:
[I]s it true that on March 6, 1996, you pled guilty to aggravated battery of Sharon Hudgins?
Even if the previous plea was properly referred to, it is plain, and independent, error to introduce these (particularly damaging) "specifics of the prior convictions." Sheffield v. State, 585 So.2d 396, 397 (Fla. 1st DCA 1991), approved, 595 So.2d 37 (Fla.1992); see also Porter v. State, 593 So.2d 1158 (Fla. 2d DCA 1992).
3. Finally, both of these mistakes were further exacerbated when McFadden was not permitted to explain to the jury that he had denied being previously convicted on the entirely accurate ground that, in fact, adjudication had been withheld. Lawhorne v. State, 500 So.2d 519 (Fla. 1986); Williams v. State, 24 Fla.L.Weekly D775, 730 So.2d 777 (Fla. 3d DCA 1999); see also § 90.610(2)(permitting evidence that conviction is on appeal); McArthur v. Cook, 99 So.2d 565 (Fla.1957). As in the case of the previous holding, this ruling was incorrect whether or not the guilty plea itself was properly used for impeachment.
Since we reject the state's claim of harmlessness upon the affirmative determination that any or all of these errors prejudicially affected the jury's resolution of what was primarily a swearing match between the teenage son of the victim who did not herself testifyand the defendant, the judgment below is reversed for a new trial.
Reversed.
NOTES
[1] 90.610 Conviction of certain crimes as impeachment.

(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment....
§ 90.610(1), Fla. Stat. (1997).