772 So.2d 1209 (2000)
STATE of Florida, Petitioner,
v.
Gregory McFADDEN, Respondent.
No. SC95614.
Supreme Court of Florida.
November 9, 2000.
*1210 Robert A. Butterworth, Attorney General, and Michael J. Neimand, Senior Assistant Attorney General, Bureau Chief, Criminal Section, and Linda S. Katz, Assistant Attorney General, Miami, Florida, for Petitioner.
Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida, for Respondent.
PARIENTE, J.
We have for review McFadden v. State, 732 So.2d 412 (Fla. 3d DCA 1999), based on express and direct conflict with Barber v. State, 413 So.2d 482 (Fla. 2d DCA 1982), and Johnson v. State, 449 So.2d 921 (Fla. 1st DCA 1984). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We granted review to resolve the conflict among the district courts of appeal on the issue of whether a plea of guilty without an adjudication of guilt constitutes a prior "conviction" for purposes of impeachment under section 90.610(1), Florida Statutes (1997), of the Florida Evidence Code.

BACKGROUND
Respondent Gregory McFadden was charged with a domestic battery offense. At trial, in an attempt to impeach McFadden's credibility, the State sought to introduce evidence under the authority of section 90.610(1) that McFadden previously had pled guilty to a separate aggravated battery charge involving the same victim. See McFadden, 732 So.2d at 412. Although McFadden had pled guilty to this prior charge, adjudication had been withheld. See id. Over McFadden's objection, the trial court allowed the prosecutor to ask McFadden on cross-examination whether he had previously pled guilty to a separate aggravated battery upon the same victim. See McFadden, 732 So.2d at 414. The jury found McFadden guilty, the *1211 trial court entered a judgment of conviction and sentence, and McFadden appealed.
On appeal, the Third District reversed McFadden's conviction, concluding that "there should have been no reference whatever to the previous case because withholding adjudication simply does not result in the defendant's having been `convicted' of an offense as is required to impeach a witness under section 90.610(1), Florida Statutes (1997)." McFadden, 732 So.2d at 413. The Third District also determined that the "basic error" in allowing the impeachment was "compounded" and new errors created when the trial court allowed the State to point out both the precise nature of the charge to which McFadden had pled guilty and the identity of the victim. Id. at 414.

ANALYSIS
Section 90.610(1), which is the specific part of the Evidence Code governing impeachment by a prior conviction provides:
90.610. Conviction of certain crimes as impeachment
(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment....
The issue that we must address is what constitutes a "conviction" of a crime for purposes of impeachment pursuant to this section.
Generally, when a criminal defendant enters a guilty plea to the crime charged or a verdict of guilty is returned against a defendant after trial, the court will adjudicate the defendant guilty and enter a "final judgment of conviction." Fla. R.Crim. P. 3.670.[1] The "term `judgment' means the adjudication by the court that the defendant is guilty or not guilty." Fla. R.Crim. P. 3.650. Where a person is adjudicated guilty by a trial court, there is no question that a defendant or witness could subsequently be impeached by that prior conviction so long as the other necessary requirements of section 90.610 are satisfied. However, trial courts may withhold adjudication of guilt after a plea has been accepted or after a verdict of guilty has been rendered and place the defendant on probation provided that the requirements of section 948.01(2), Florida Statutes (1997), are met. See also Fla. R.Crim. P. 3.670.[2]
Given this framework, the question becomes whether an adjudication of guilt by the court or a final judgment of conviction is required in order to constitute a conviction *1212 for purposes of impeachment pursuant to section 90.610(1). Although this Court has never squarely addressed the issue, in State v. Raydo, 713 So.2d 996, 1001 (Fla. 1998), we stated, albeit in dicta, that if at sentencing "adjudication is withheld, there would be no conviction under section 90.610(1)." Consistent with this view, the Third District in this case held that there can be no impeachment by a prior conviction where there had been a guilty plea but adjudication was withheld. See McFadden, 732 So.2d at 413. However, the Third District "recognize[d] that there is Florida authority which points in the opposite direction," citing to Barber and Johnson. Id.
In Barber, the Second District framed the issue as whether "a jury verdict of guilty without an adjudication of guilt constitutes a conviction for purposes of impeachment." 413 So.2d at 482. During direct examination, the defendant testified that he had no prior criminal convictions. See id. One week earlier in another case, a jury had returned a guilty verdict against the defendant but he had not yet been adjudicated guilty by the court. See id. The trial court allowed the State to impeach with the jury verdict even though the defendant had not yet been adjudicated guilty. See id.
The Second District affirmed, holding that "for purposes of impeachment, there is no significant difference in probative value between a jury's finding of guilt and the entry of a judgment thereon." Id. at 484. However, the Second District also recognized that "an anomaly will occur if the court ultimately chooses to withhold adjudication and place appellant on probation for the crime of which the jury had previously found him guilty. Should this happen, appellant cannot thereafter be impeached by evidence concerning that crime." Id.
In Johnson, the First District addressed the issue of whether a witness could be impeached with a prior plea of guilty where the court had not yet adjudicated the witness guilty. 449 So.2d at 922-23. The First District agreed with Barber that the witness could be impeached pursuant to section 90.610 even though adjudication had not yet taken place. See Johnson, 449 So.2d at 923. As to the possibility that adjudication might be withheld, the First District also agreed with the dicta in Barber that the witness could not be impeached by evidence concerning a prior crime where the court withheld adjudication. See id. (citing Barber, 413 So.2d at 484).
In contrast to Barber and Johnson, the Fourth District in Roberts v. State, 450 So.2d 1126, 1126-27 (Fla. 4th DCA 1984), reversed after determining that the State's attempt to impeach the defendant with a prior conviction was improper because the trial court in the earlier case had not yet adjudicated him guilty. Accord Parker v. State, 563 So.2d 1130, 1131 (Fla. 5th DCA 1990) (agreeing with concurring opinion of Justice Anstead (then Chief Judge) in Roberts and concluding that impeachment on the basis of a prior conviction was improper if the defendant had not yet been adjudicated guilty).[3]
Although there appears to be agreement among the appellate courts that a witness or defendant cannot be impeached by a guilty verdict or guilty plea where adjudication has been withheld, there is actual conflict on the broader question of whether a guilty verdict or plea of guilty without an adjudication of guilt constitutes a prior "conviction" for purposes of impeachment under section 90.610. Therefore, because of the continued conflict and confusion over the issue, we now address whether an adjudication of guilt by the trial court is required in order for a witness to be impeached *1213 with a prior "conviction" under section 90.610(1).[4]
The key to our analysis is the definition to be given to the term "conviction" as used in section 90.610(1) of the Florida Evidence Code. Section 90.610 does not define the term "conviction" for purposes of impeaching a witness. As this Court has determined, section 90.610(1) involves a matter of court procedure solely within the province of this Court to enact pursuant to article V, section 2(a) of the Florida Constitution. See State v. Page, 449 So.2d 813, 815 (Fla.1984); Bobb v. State, 647 So.2d 881, 883 (Fla. 4th DCA 1994); see generally In re Florida Evidence Code, 372 So.2d 1369, 1369 (Fla.1979). It is therefore this Court's responsibility to determine what constitutes a prior "conviction" for purposes of impeachment under section 90.610(1) consistent with the limited purpose for which convictions have been historically admissible. See Page, 449 So.2d at 815; Bobb, 647 So.2d at 884.
The appellate courts and this Court agree that if a trial court withholds adjudication there can be no prior conviction under section 90.610(1). See Raydo, 713 So.2d at 1001 n. 7; Johnson, 449 So.2d at 923; Barber, 413 So.2d at 484; see also Parker, 563 So.2d at 1131-32; Roberts, 450 So.2d at 1127 (Anstead, C.J., concurring specially). The assumption underlying this conclusion is that an adjudication of guilt or judgment of conviction is required in order to constitute a conviction for purposes of impeachment. Otherwise, if the adjudication of guilt or judgment of conviction was not essential to impeachment by prior conviction, appellate courts would have permitted impeachment even though adjudication had been withheld.
The crux of the issue is whether the definition of "conviction" should be consistently applied, regardless of whether adjudication has been withheld, or whether a person has pled guilty or been found guilty but adjudication has not yet occurred. As a result of the distinction drawn by the First and Second Districts in Johnson and Barber respectively, a witness cannot be impeached if adjudication has been withheld, but the witness can be impeached if adjudication has not yet taken place. However, there is nothing in the language of the Florida Evidence Code that would authorize one definition of conviction where adjudication has been withheld and another definition of conviction when adjudication has yet to occur. To apply two different definitions would in effect require us to rewrite this provision of the Evidence Code.
Further, "[a]dopting different meanings for the same word depending on the situation can only result in confusion and inconsistency in purpose and result." Roberts, 450 So.2d at 1127 (Anstead, C.J., concurring specially). As Justice Anstead (then Chief Judge) reasoned, in voicing his disagreement with the distinction drawn in Barber:
I also cannot agree with the Second District's suggestion that a person who *1214 is placed on probation, with adjudication withheld, cannot be subject to impeachment, whereas a person who has entered a plea or had a verdict returned against him, will be subject to impeachment, although not adjudicated, at least until a decision is made to place him on probation or otherwise "finally" decide to withhold adjudication. Whatever logic there is to including all persons who are found guilty by a jury (or who plead guilty) within the class of persons "convicted," that logic surely continues regardless of the fact that the same person is placed on probation by the grace of the sentencing court.
Roberts, 450 So.2d at 1127 (Anstead, C.J., concurring specially). Regardless of whether a defendant pleads guilty or is found guilty by a jury, until the defendant is actually adjudicated guilty, the court still has the discretion to withhold adjudication pursuant to section 948.01(2) and Florida Rule of Criminal Procedure 3.670.
In the absence of a definition of "conviction" in section 90.610(1), it is appropriate to resort to prior case law. See State v. Mitro, 700 So.2d 643, 645 (Fla.1997). Defining "conviction" to require the adjudication of guilt is consistent with this Court's jurisprudence. Before the enactment of the Florida Evidence Code in 1976, this Court on several occasions had defined the term "conviction" as encompassing a guilty plea or verdict of guilty along with a judgment by the court. Over one hundred years ago, this Court in Barnes observed that in its "ordinary sense," the term "`conviction' means the ascertainment of the guilt of a party, either by a plea of guilty, or by the verdict of a jury." State ex rel. Owens v. Barnes, 24 Fla. 153, 157, 4 So. 560, 561 (1888). However, the Court recognized that "numerous authorities" held that a "judgment or sentence [was] a necessary component part of `conviction.'" Id. Thus, for purposes of construing the term "conviction" as used in a statute dealing with "conviction fees," the Court used a definition of conviction that included the judgment and sentence of the court. Id. at 161, 4 So. at 562.
Similarly, this Court once again addressed the definition of "convicted" in the case of Smith v. State, 75 Fla. 468, 473, 78 So. 530, 532 (1918), where the Court construed the term as used in a statute prohibiting the selling of intoxicating liquors to minors. According to this Court, "The meaning of the word `convicted' as used in the statute ... means the adjudication by the court of the defendant's guilt." Id. As we stated in Smith:
This court has so often expressed the opinion that the word "conviction" includes the judgment of the court, as well as a plea or verdict of guilty, that such definition of the word as used in the statute or plea invoked to describe the effect of a former conviction in a subsequent case may be said to be firmly established.

75 Fla. at 475, 78 So. at 532 (emphasis supplied). Although the particular facts in Smith did not require the Court to define "conviction" for purposes of impeaching a witness, the Court nevertheless stated that "[a]s used in [a statute], providing that the `conviction' of any crime may be shown to affect the credibility of a witness, etc., it means a judgment of the court." 75 Fla. at 474, 78 So. at 532 (emphasis supplied).
Relying on Smith, in Timmons v. State, 97 Fla. 23, 27, 119 So. 393, 394 (1929), the Court held that when the State is alleging in an indictment that a defendant has previously been "convicted" of committing the same crime as charged in the indictment, the prior "conviction" must include a judgment of the court as well as a plea or verdict of guilty. Id. Moreover, in Ellis v. State, 100 Fla. 27, 29, 129 So. 106, 108 (1930), this Court reviewed a defendant's writ of certiorari to the circuit court in which he challenged the judgment of that court as being ineffective because it failed to formally adjudicate him guilty. Ruling for the defendant, the Court stated that "this court is firmly committed to the doctrine that a legal conviction of crime includes a judgment of the court as well as a *1215 plea or verdict of guilty." Id. (emphasis supplied).[5]
On the other hand, when we have defined "conviction" as encompassing only a guilty plea or guilty verdict, we have done so in relation to a specific statute and its specific purpose as set forth by the Legislature. As we recently recognized in Raulerson v. State, 763 So.2d 285 (Fla. 2000), although an adjudication of guilt is generally required for there to be a "conviction," that term as used in Florida law is a "`chameleon-like' term that has drawn its meaning from the particular statutory context in which the term is used." Id. at 291 (quoting State v. Keirn, 720 So.2d 1085, 1086 (Fla. 4th DCA 1998)). For instance, the sentencing guidelines set forth in both Florida Rule of Criminal Procedure 3.701(d)(2) and section 921.001(5), Florida Statutes (1997), provide that "`[c]onviction' means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended." Fla. R.Crim. P. 3.701(d)(2); see § 921.001(5), Fla. Stat. (1997).[6] In Raulerson, we looked to the specific statutory language, definitions and legislative history to conclude that the Legislature intended for the term "conviction," as used in the statute that provides for increased sanctions for a third "conviction" of driving a motor vehicle with a canceled, suspended or revoked driver's license, to include both adjudicated prior offenses and offenses in which adjudication was withheld. 763 So.2d at 290.
For purposes of impeaching a witness with a prior conviction under section *1216 90.610(1), however, we find no basis to deviate from the definition of conviction most consistently used by this Court, which requires a judgment of the court adjudicating the defendant guilty. "[S]ince the evidence code was adopted by the Florida Supreme Court as a rule of court, it is safe to assume that the court itself was aware of its prior definition" when it adopted section 90.610(1). Roberts, 450 So.2d at 1127 (Anstead, C.J., concurring specially) (citing Smith, 75 Fla. at 474, 78 So. at 532). Similarly, in Roberts, Justice Anstead also reasoned that the Legislature was likely aware of the Florida Supreme Court's definition of "conviction" when the Legislature enacted section 90.601(1). Roberts, 450 So.2d at 1127 (Anstead, C.J., concurring specially). Therefore, until the time that adjudication occurs and a judgment of conviction is entered, a defendant or witness is not subject to impeachment pursuant to section 90.610(1) of the Evidence Code.
Finally, a definition of "conviction" under section 90.610(1) that encompasses an adjudication by the court or final judgment of conviction is consistent with the limited purpose for which convictions have been historically admissible. See Page, 449 So.2d at 815; Bobb, 647 So.2d at 884. The Fourth District explained the limited nature of the use of convictions for impeachment in Bobb:
The sole purpose of impeachment by prior convictions is to attack credibility or believability of the witness. As noted by Charles Erhardt in his comments to section 90.610 of the evidence code, the theory supporting the admissibility of a wide variety of convictions is that "a person with a criminal record has demonstrated a willingness to violate the law, which bears upon the person's willingness to disregard the oath to tell the truth." Erhardt, Charles, Florida Evidence, § 610.1, at 419 (1993 ed.).
647 So.2d at 883. If the witness has a criminal record, the rationale behind allowing impeachment with a prior conviction of a felony or a crime involving dishonesty or false statement is that it could affect the witness's credibility. See Martin v. State, 86 Fla. 616, 620, 98 So. 827, 829 (1924); Bobb, 647 So.2d at 883-84. However, where the trial court withholds adjudication of guilt as authorized by statute and "stay[s] and withhold[s] the imposition of sentence," the court has found that "the defendant is not likely again to engage in a criminal course of conduct." § 948.01(2), Fla. Stat. (1997).[7] Therefore, it is the adjudication of guilt or the judgment of conviction that becomes essential to utilizing a prior crime as a "conviction" to challenge a testifying witness's present credibility.
Accordingly, for purposes of impeachment under section 90.610(1), we adopt a definition of "conviction" that requires an adjudication of guilt or judgment of conviction by the trial court. This definition also provides a uniform and consistent meaning to the term within the same section of the Florida Evidence Code. Unless there is a final judgment of conviction or an adjudication of guilt, the defendant or witness may not be impeached with evidence of a guilty plea or jury verdict pursuant to section 90.610(1).

THIS CASE
In this case, it was error for the trial court to allow McFadden to be impeached pursuant to section 90.610(1) when he had not been adjudicated guilty of the prior offense. As stated by the Third District, this error was compounded when the trial court improperly allowed the State to point *1217 out the precise nature of the previous offense and the identity of the victim. See McFadden, 732 So.2d at 414; see generally Watts v. State, 160 Fla. 268, 272, 34 So.2d 429, 431 (1948); Bobb, 647 So.2d at 882-85.
If the State had intended to introduce substantive evidence of the specific prior offense, it would have had to comply with the requirements of Williams v. State, 110 So.2d 654 (Fla.1959), and its progeny. See generally § 90.404(2)(a), Fla. Stat. (1997) ("Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....") However, the State does not argue in this case that the prior guilty plea should be admissible as substantive evidence of guilt, either as Williams rule evidence or for any purpose other than as impeachment. By allowing the specific questioning regarding the prior offense, aggravated battery on the same victim as in this case, the State introduced highly prejudicial facts that would otherwise have not been admissible.
Accordingly, we approve the decision of the district court in this case. We also approve the Fourth District's opinion in Roberts, and disapprove the First District's opinion in Johnson and the Second District's opinion in Barber.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.670, entitled "Rendition of Judgment," provides:

If the defendant is found guilty, a judgment of guilty and, if the defendant has been acquitted, a judgment of not guilty shall be rendered in open court and in writing, signed by the judge, filed, and recorded. However, the judge may withhold an adjudication of guilt if the judge places the defendant on probation.
When a judge renders a final judgment of conviction, withholds adjudication of guilt after a verdict of guilty, imposes a sentence, grants probation, or revokes probation, the judge shall forthwith inform the defendant concerning the rights of appeal therefrom, including the time allowed by law for taking an appeal.
[2] The statutory authority for rule 3.670 is found in section 948.01(2), Florida Statutes (1997), which provides:

If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place the defendant upon probation.
[3] The Fifth District's statement in Parker v. State, 563 So.2d 1130, 1131-32 (Fla. 5th DCA 1990), however, was dicta.
[4] As we explained in State v. Raydo, 713 So.2d 996, 1001 n. 7 (Fla.1998):

We note the disagreement among the districts as to the scope of the term "conviction" for section 90.610(1) impeachment. In Raydo v. State, 696 So.2d 1225, 1226 (Fla. 1st DCA 1997), the First District distinguished cases that interpreted the term "conviction" under section 90.610(1) to include both a jury verdict of guilt and a plea of guilty, even though there had been no adjudication. See Johnson v. State, 449 So.2d 921 (Fla. 1st DCA 1984) (guilty plea); Barber v. State, 413 So.2d 482 (Fla. 2d DCA 1982) (jury verdict of guilt). To the contrary, in Parker, 563 So.2d at 1130, the Fifth District rejected the reasoning of Johnson and Barber. It agreed with the reasoning of Justice Anstead (then Judge Anstead) in his concurring opinion in Roberts v. State, 450 So.2d 1126, 1127 (Fla. 4th DCA 1984), that "conviction" should be narrowly construed, but then found that the issue had not been preserved because the defendant did not testify. See Parker, 563 So.2d at 1131-32. Although the First District in Raydo indicated its approval of Johnson and Barber, the correctness of those cases in broadly interpreting the term "conviction" is not before us in this case.
[5] Other more recent examples of including the judgment of the court within the meaning of conviction include the following:

Accessory Before the Fact: In Weathers v. State, 56 So.2d 536 (Fla.1952), this Court defined "conviction" as used in section 776.02, Florida Statutes (1949), which provided, "Whoever counsels, hires or otherwise procures a felony to be committed, may be... convicted as an accessory before the fact, either with the principal felon or after his conviction." Weathers, 56 So.2d at 538 (emphasis omitted). The Court held that in this context a "conviction" occurs when the jury returns a verdict of guilty and the judge "clinches the finding" by adjudicating the defendant's guilt. 56 So.2d at 538.
Automobile Transportation Brokerage License: In Delta Truck Brokers Inc. v. King, 142 So.2d 273 (Fla.1962), this Court defined "convicted" as used in a statute disqualifying applicants for the transfer of automobile transportation brokerage licenses. Id. at 274 (citing section 323.31, Florida Statutes (1959)). The Court held that under this section "convicted" means both a determination of guilt and judgment of guilt by the court. See King, 142 So.2d at 275.
Habitual Offender Statute: In Overstreet v. State, 629 So.2d 125, 125-26 (Fla.1993), this Court held that where adjudication is withheld and defendant sentenced as youthful offender to incarceration followed by probation subsequently commits a felony while incarcerated for prior offenses, the prior offenses in which adjudication was withheld cannot be treated as prior convictions for purposes of habitual felony offender sentencing. See id. (citing section 775.084(2), Florida Statutes (1991)).
Possession of a Firearm by a Convicted Felon: In State v. Snyder, 673 So.2d 9, 10 (Fla.1996), this Court addressed the definition of "convicted" under section 790.23, Florida Statutes (1991), which prohibits convicted felons from possessing firearms. The Court held that section 790.23 applies "following an adjudication of guilt in the trial court." Snyder, 673 So.2d at 10.
[6] Examples of a definition in which an adjudication of guilt was not required include:

Aggravating Circumstances in Death Penalty Proceedings: In McCrae v. State, 395 So.2d 1145, 1154 (Fla.1980), the Court stated that a guilty plea or verdict of guilty with a withhold of adjudication constitutes a prior "conviction" for purposes of section 921.141(5)(b), Florida Statutes (1975), governing aggravating circumstances in capital sentencing proceedings.
Limitation on Withheld Sentences: In State v. Gazda, 257 So.2d 242, 243-44 (Fla.1971), this Court construed the term "conviction" for purposes of section 775.14, Florida Statutes (1971), which provides that any person receiving a withheld sentence which has not been altered for five years shall not thereafter be sentenced for conviction of same crime for which sentence was imposed. Under this statute, a "conviction" means a determination of guilt by a verdict of the jury or by a plea of guilty, and does not require adjudication by the court. Gazda, 257 So.2d at 243-44.
[7] In fact, pursuant to the statutory scheme "a defendant who has adjudication of guilt withheld and successfully completes the term of probation imposed is `not a convicted person.'" State v. Gloster, 703 So.2d 1174, 1176 (Fla. 1st DCA 1997) (quoting Thomas v. State, 356 So.2d 846, 847 (Fla. 4th DCA 1978)). However, if probation is revoked, the defendant must be adjudicated guilty of the charged offense. See § 948.06(1), Fla. Stat. (1997).