GERBER, J.
The former employee appeals the Department’s final order concluding that, pursuant to section 112.3173, Florida Statutes (2009), he was “convicted” of a specified offense based on his no contest plea, thereby requiring the forfeiture of his Florida retirement system rights and benefits. The former employee argues that section 112.3173, by defining “convicted” to include a no contest plea, regardless of the lack of a guilty plea or adjudication, unconstitutionally broadens the term “convicted” beyond its plain meaning as used in Article II, Section 8 of the Florida Constitution. We disagree with that argument and affirm.
Before explaining why we disagree with the former employee’s argument, we will briefly examine the origins of both Article II, Section 8, and section 112.3173.
Article II, Section 8 was added to the Florida Constitution in 1976. Entitled “Ethics in government,” Section 8 contains various reforms related to public service. As pertinent here, Section 8 provides:
A public office is a public trust. The people shall have the right to secure and sustain that trust against abuse. To assure this right:
[[Image here]]
(d) Any public officer or employee who is convicted of a felony involving a breach of public trust shall be subject to forfeiture of rights and privileges under a public retirement system or pension plan in such manner as may be provided by law.
Art. II, § 8(d), Fla. Const. (1976) (emphasis added).[1]
*773 After the passage of Article II, Section 8, the Florida Supreme Court, in Williams v. Smith, 360 So.2d 417 (Fla.1978), concluded that Section 8(d) “is not a self-executing provision” and requires implementing legislation. Id. at 418. The court reasoned that Section 8(d) “requires so much in the way of definition, delineation of time and procedural requirements, that the intent of the people cannot be carried out without the aid of legislative enactment.” Id. at 420 (footnote omitted).
Thus, six years later, the legislature enacted section 112.3173, Florida Statutes (Supp. 1984). The statute provides that its intent is “to implement the provisions of s. 8(d), Art. II of the State Constitution.” § 112.3173(1), Fla. Stat. (Supp. 1984). The statute then provides, in pertinent part:
Any public officer or employee who is convicted of a specified offense committed prior to retirement, or whose office or employment is terminated by reason of his [or her] admitted commission, aid, or abetment of a specified offense, shall forfeit all rights and benefits under any public retirement system of which he [or she] is a member, except for the return of his [or her] accumulated contributions as of his [or her] date of termination.
§ 112.3173(3), Fla. Stat. (1984) (emphasis added). The statute defines “convicted” and “specified offense,” in pertinent part, as follows:
“Conviction” and “convicted” mean an adjudication of guilt by a court of competent jurisdiction; a plea of guilty or of nolo contendere; a jury verdict of guilty when adjudication of guilt is withheld and the accused is placed on probation; or a conviction by the Senate of an impeachable offense.
[[Image here]]
“Specified offense” means:
[[Image here]]
The committing of any felony by a public officer or employee who, willfully and with intent to defraud the public or the public agency for which he [or she] acts or in which he [or she] is employed of the right to receive the faithful performance of his [or her] duty as a public officer or employee, realizes or obtains, or attempts to realize or obtain, a profit, gain, or advantage for himself [or herself] or for some other person through the use or attempted use of the power, rights, privileges, duties, or position of his [or her] public office or employment position.
§ 112.3173(2)(a) & (e)6., Fla. Stat. (Supp. 1984) (emphasis added).[2]
Applying de novo review, we conclude that section 112.3173 does not unconstitutionally expand the term “convicted” beyond its plain meaning as used in Article II, Section 8(d). See St. Johns River Water Mgmt. Dist. v. Koontz, 77 So.3d 1220, 1226 (Fla.2011) (“[T]he interpretation of a constitutional provision is a question of law that is reviewed de novo.”) (citation omitted); Hill v. Davis, 70 So.3d 572, 575 (Fla.2011) (“Because this issue is one of statutory interpretation, review is de novo.”) (citation omitted).
“[Statutes come clothed with a presumption of constitutionality and must be construed whenever possible to effect a constitutional outcome.” Lewis v. Leon Cnty., 73 So.3d 151, 153 (Fla.2011) (citations omitted). “[S]hould any doubt exist that an act is in violation ... of any constitutional provision, the presumption is in favor of constitutionality. To overcome *774 the presumption, the invalidity must appear beyond reasonable doubt, for it must be assumed the legislature intended to enact a valid law.” Id. (citation and quotations omitted).
Here, the alleged invalidity of section 112.3173does not appear beyond reasonable doubt. The particular context in which the term “convicted” is used in Article II, Section 8(d) is within Section 8’s guarantee of the people’s “right to secure and sustain [the trust of public office] against abuse.” Art. II, § 8, Fla. Const. (1976). Even if we were to treat Article II, Section 8(d)’s use of the term “convicted” as susceptible to more than one meaning, we are required to treat the meaning adopted by the legislature in section 112.3173as conclusive. See Vinales v. State, 394 So.2d 993, 994 (Fla.1981) (“Where a constitutional provision is susceptible to more than one meaning, the meaning adopted by the legislature is conclusive.”); Greater Loretta Improvement Ass’n v. State ex rel. Boone, 234 So.2d 665, 669 (Fla.1970) (“[W]here a constitutional provision may well have either of several meanings, it is a fundamental rule of constitutional construction that, if the Legislature has by statute adopted one, its action in this respect is well-nigh, if not completely, controlling.”).
We also defer to the legislature’s construction of Article II, Section 8(d) because: (1) its construction is not manifestly erroneous; and (2) it enacted section 112.3173relatively contemporaneous to the passage of Article II, Section 8(d). See State v. Kaufman, 430 So.2d 904, 907 (Fla.1983) (“A contemporaneous construction of a constitutional provision by the legislature is presumptively correct unless manifestly erroneous.”); Brown v. Firestone, 382 So.2d 654, 671 (Fla.1980) (“A relatively contemporaneous construction of the constitution by the legislature is strongly presumed to be correct.”).
The former employee nevertheless argues that Article II, Section 8(d) was intended to exempt from forfeiture those public employees who entered no contest pleas for which adjudication of guilt was withheld. The former employee reasons that the forfeiture statute in effect at the time of Section 8(d)’s passage, section 121.091(5)(f), Florida Statutes (1975), expressly imposed forfeiture upon public officers and employees who entered no contest pleas:
Any [Florida retirement system] member who has been found guilty by a verdict of a jury, or by the court trying the case without a jury, of committing, aiding, or abetting any embezzlement or theft from his [or her] employer, bribery in connection with the employment, or other felony specified in chapter 838, committed prior to retirement, or who has entered a plea of guilty or of nolo contendere to such crime, or any member whose employment is terminated by reason of his [or her] admitted commitment, aiding, or abetting of an embezzlement or theft from his [or her] employer, bribery, or other felony specified in chapter 838 [relating to misuse of public office], shall forfeit all rights and benefits under [the Florida retirement system], except the return of his [or her] accumulated contributions as of his [or her] date of termination.
§ 121.091(5)(f), Fla. Stat. (1975) (emphasis added).
We disagree with the former employee’s argument for two reasons. First, section 121.091(5)(f) remains in effect today, and we must give effect to that statute in combination with section 112.3173. See Fla. Dep’t of State, Div. of Elections v. Martin, 916 So.2d 763, 768 (Fla.2005) (“The doctrine of in pari materia is a prin *775 ciple of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature’s intent.”) (citation omitted). Second, applying the former employee’s argument, Section 8(d) was intended to provide less protection for the public trust than that which existed before its passage. That result would defeat Section 8’s stated purpose to guarantee the people’s “right to secure and sustain [the trust of public office] against abuse.” See Browning v. Fla. Hometown Democracy, Inc., PAC, 29 So.3d 1058, 1068 (Fla.2010) (“[T]he fundamental object to be sought in construing a constitutional provision is to ascertain the intent of the framers and the provision must be construed or interpreted in such manner as to fulfill the intent of the people, never to defeat it.”) (citation and quotations omitted).
Also unconvincing are the former employee’s cited cases which define “convicted” in other contexts to require a guilty plea or adjudication. See State v. McFadden, 772 So.2d 1209, 1214 (Fla.2000) (“Defining ‘conviction’ [as used in section 90.610(1), Florida Statutes (1997),] to require the adjudication of guilt is consistent with this Court’s jurisprudence.”); State v. Snyder, 673 So.2d 9, 10 (Fla.1996) (“[A]n individual is ‘convicted’ for purposes of section 790.23 [, Florida Statutes (1991),] from the point of being adjudicated guilty.”); Delta Truck Brokers, Inc. v. King, 142 So.2d 273, 275 (Fla.1962) (“The term ‘conviction’ [as used in section 323.31, Florida Statutes (1960),] has an accepted meaning in applying statutes of this nature. It simply means a determination of guilt and a judgment of guilt by a court of competent jurisdiction in a criminal proceeding.”). As our supreme court recognized in the former employee’s most recent cited case, McFadden:
[Although an adjudication of guilt is generally required for there to be a “conviction,” that term as used in Florida law is a chameleon-like term that has drawn its meaning from the particular statutory context in which the term is used.
772 So.2d at 1215 (citations and other quotations omitted); see also State v. Keirn, 720 So.2d 1085, 1086 (Fla. 4th DCA 1998) (“a conviction under section 322.34 [, Florida Statutes (1995),] occurs after a final disposition of a case, as a result of a trial or plea, without regard to the court’s decision on adjudication of the defendant,” except under specified circumstances).
Here, the particular context in which the term “convicted” is used in section 112.3173 is the legislature’s attempt to interpret Article II, Section 8(d) of the Florida Constitution pursuant to Williams. Given Section 8’s guarantee of the people’s “right to secure and sustain [the trust of public office] against abuse,” and given the legislature’s pre-existing section 121.091(5)(f) requiring forfeiture of benefits for a no contest plea, the legislature was within its authority when it defined “convicted” in section 112.3173 to include a no contest plea.
Based on the foregoing, we hold the Department did not err in concluding that, pursuant to section 112.3173, the former employee was “convicted” of a felony based on his no contest plea, thereby requiring the forfeiture of his Florida retirement system rights and benefits. We affirm the Department’s final order to that effect.

Affirmed.

TAYLOR and CIKLIN, JJ., concur.

. In 1998, the electorate voted to revise other portions of Article II, Section 8 which are not relevant here.

. Since 1984, the legislature has revised section 112.3173(2) in certain respects which are not relevant here.