NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| SCHOOL BOARD OF POLK COUNTY FLORIDA, | ) ) ) | |
| Appellant/Cross-Appellee, | ) ) | |
| v. | ) ) | Case No. 2D12-3139 |
| RENAISSANCE CHARTER SCHOOL, INC., and RENAISSANCE CHARTER SCHOOL AT POLK, | ) ) ) ) ) | |
| Appellees/Cross-Appellants. | ) ) | |

Opinion filed August 6, 2014.

Appeal from the Board of Education.

Frederick J. Murphy, Jr., of Boswell & Dunlap LLP, Bartow, for Appellant/Cross-Appellee.

Edward J. Pozzuoli and Stephanie Alexander of Tripp Scott, P.A., Fort Lauderdale, for Appellees/Cross-Appellants.


SLEET, Judge.

The School Board of Polk County, Florida (the School Board) timely appeals an order of the Board of Education (the State Board) which allows Renaissance Charter School, Inc. (Renaissance) to operate a charter school in Polk County over the objections of the School Board. The School Board argues that the proposed charter

school's educational program did not "substantially replicate" that of the high-performing charter school being replicated. See § 1002.331(3)(a), Fla. Stat. (2011). We agree and reverse.

The facts of this case are substantially similar to those articulated in School Board of Seminole County v. Renaissance Charter School, Inc., 113 So. 3d 72 (Fla. 5th DCA 2013). Here, Renaissance filed a high-performing charter school application pursuant to section 1002.331, for Renaissance Charter School at Polk, a K through 8 charter school. It submitted a high-performing charter middle school, Renaissance Charter Middle School (RCMS), which serves grades 6 through 8, as its replica school. Renaissance's planned charter school would serve grades K through 6 in its first year, grades K through 7 in its second year, and grades K through 8 in its third year. At the time of the application, RCMS in Dade County had a little over 200 students. Renaissance proposed that Renaissance Charter School at Polk would open with 862 students and would grow to 1,415 students by its fifth year.

After reviewing the application, the School Board concluded that the educational program set forth in the application did not substantially replicate that of RCMS. Additionally, the ten-page letter from the School Board's attorney listed ninety-one reasons why the application did not meet statutory requirements for student performance, assessment and evaluation, education service providers, employment, transportation services, budget, action plan, mission and guiding principles, exceptional students, school discipline, student recruitment, and financial management and oversight.

In Seminole, Renaissance submitted a high-performing charter school application for a similar K through 8 grade charter school in Seminole County. The replica school submitted by Renaissance was a 6 through 8 grade charter middle school in Broward County. Id. at 73. After review, the School Board of Seminole County denied the application based upon several of the same objections lodged by the School Board in this case. Id. The Seminole County School Board concluded there was no way the proposed K through 8 grade charter school could substantially replicate the Broward County charter middle school. Id. The Fifth District cogently analyzed the statute and agreed with the Seminole County School Board. It held that: "[T]o be 'substantially similar' within the meaning of the Florida Statutes, a charter school must have the same characteristics and be alike in substance or essentials to the school it is replicating. Common sense dictates that a middle school, which covers only grades 6 through 8, is materially different from a K through 8 school." Id. at 75.

Here, the School Board articulated specific objections to the application in a forty-seven-page Charter Review Committee report. Renaissance was given several opportunities during a work session, interview session, and a public hearing to respond to the School Board's objections. When asked by the School Board how the proposed K through 8 school could replicate an existing middle school, Renaissance's attorney stated: "It is not the same school because the K -- the grade levels are different. We were replicating our method and model, pursuant to the statute."

During the appeal hearing before the State Board, Renaissance argued that the material issue was not substantial replication, but instead whether the proposed charter school would be a high-performing school. The School Board countered that

section 1002.331 required substantial replication. The State Board's half-page order stated that "the School Board failed to show by clear and convincing evidence that the Charter Applicant's application did not materially comply with the requirements of section 1002.33(6)(c)3.b., Florida Statutes." The order did not include any findings of fact.

It is the School Board's burden to prove by clear and convincing evidence that the high-performing charter school application does not comply with the statutory requirements, including substantial replication. Section 1002.33(6)(b)(3)(b)(III) provides that the School Board may deny the charter application if "[t]he proposed charter school's educational program does not substantially replicate that of the applicant or one of the applicant's high-performing charter schools."

We agree with the School Board that Renaissance's proposed charter school's educational program did not substantially replicate that of RCMS. The proposed school, composed mostly of kindergarten and elementary grade students, and the middle school on which the application was based neither share the same characteristics, nor are they alike in substance or essentials. Furthermore, nowhere in the record did any representative of Renaissance articulate how the educational program of the high-performing middle school would be replicated so as to serve the students of different age and grade levels.

As in Seminole, Renaissance argues that this court should consider RCMS and Renaissance Charter Elementary School as one school for purposes of their application because they share a campus and a website. See Seminole, 113 So. 3d at 76. We decline. Renaissance did not include any information regarding this elementary

school in its written application, work session presentation, interview responses, and written responses to the Charter Review Committee. See Thornber v. City of Fort Walton Beach, 534 So. 2d 754, 755 (Fla. 1st DCA 1988) ("That an appellate court may not consider matters outside the record is so elemental there is no excuse for an attorney to attempt to bring such matters before the court."). Moreover, section 1002.331(3)(b) limits a high-performing charter school to one application for a charter school per year. Renaissance Charter Elementary School was used as a replica to support an application seeking a high-performing charter school in Leon County at the same time that Renaissance filed the instant application. If the legislature intended to allow Renaissance to replicate any of its high-performing charter schools more than once per year, it would not have expressly limited the number of charter school applications.

Renaissance filed a cross appeal and contends that it was denied procedural due process because the School Board did not conduct a "substantive hearing and take evidence" before denying the high-performing charter application. Because the Administrative Procedure Act does not apply to proceedings before the State Board and Renaissance did not request a formal hearing, there was no due process violation. See Seminole, 113 So. 3d at 77. The record demonstrates that Renaissance was afforded due process within the parameters of the charter school statute.

We agree with the Fifth District's determination that there are certain deficiencies in the charter school statute. Id. at 76. First, the statute does not expressly provide in what type of forum the sponsor or school board is to present "clear and

convincing evidence" sufficient to deny the application. Nor does the statute provide for any form of evidentiary hearing or review. The brevity of the State Board's final order frustrates appellate review; however, the statute does not expressly require the State Board to provide findings of fact and conclusions of law.

Despite the statutory deficiencies, the record is sufficient to demonstrate that the School Board's decision to deny Renaissance's charter application is supported by clear and convincing evidence. See § 1002.33(6)(b)(3)(b); see also Seminole, 113 So. 3d 76. Accordingly, we reverse the order of the State Board approving Renaissance's application.

Reversed.

NORTHCUTT, and KELLY, JJ., Concur.