DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCHOOL BOARD OF ST. LUCIE COUNTY,**
Appellant,

v.

**SOMERSET ACADEMY, INC.** and **SOMERSET COLLEGE PREP
MIDDLE SCHOOL,**
Appellees.

No. 4D16-1081

[November 15, 2017]

Appeal from the State of Florida, Department of Education; Pam Stewart, Commissioner, DOE No. 2015-3228.

Johnathan A. Ferguson, Fort Pierce, for appellant.

Jack J. Aiello of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellees.

PER CURIAM.

The School Board of St. Lucie County ("School Board") appeals from an order of the State Board of Education, which allows Somerset Academy, Inc. ("Somerset") to establish and operate a new charter school. The order overturned the School Board's denial of Somerset's application to replicate a high-performing charter school. The School Board had denied Somerset's charter school application after determining that the application failed to comply with the statutory requirements for replication of a high-performing charter school. Because clear and convincing evidence supported the School Board's denial of Somerset's charter school application, we reverse.

In August 2015, Somerset filed an application with the St. Lucie County School Board to establish a middle school that would replicate a high-performing charter school that it was currently operating in Broward County. The application was made pursuant to section 1002.331, Florida Statutes (2015), which allows "[a] high-performing charter school [to] submit an application pursuant to s. 1002.33(6) in any school district in the state to establish and operate a new charter school that will

substantially replicate its educational program." § 1002.331(3)(a), Fla. Stat. (2015). The proposed school, Somerset College Prep Academy Middle School ("Somerset Prep") was to be modeled after Somerset Academy Middle School, Chapel Trail ("Chapel Trail"), and serve grades 6-8.

A School Board evaluation team reviewed Somerset's application and accompanying materials, interviewed Somerset's board members, and utilized the Florida Charter School Application Evaluation Instrument for high-performing replications during the evaluation process. The Evaluation Instrument, which was adopted by the Florida Department of Education under Florida Administrative Code Rule 6A-6.0786, sets out twenty standards that a school board must use as part of its review of a charter school replication application. *See* § 1002.33(6)(b), Fla. Stat. (2015).

After completing its review of Somerset's application, the evaluation team determined that Somerset failed to demonstrate by clear and convincing evidence that it was replicating its existing high-performing middle school in Broward County pursuant to statutory criteria. Among other things, the application failed to show any significant involvement in the establishment and operation of the proposed charter school by those involved in establishing and operating the Chapel Trail School. In addition, the application failed to meet statutory requirements for demonstrating, among other things, adequate financing and staff support for its proposed educational programs and operational plan, an acceptable reading curriculum and differentiated strategies, equal opportunities for students with moderate to severe disabilities, effective governance and management, and methods for encouraging the use of innovative learning methods.

Based on the Evaluation Instrument prepared by the evaluation team, the Superintendent recommended that the School Board deny the application.

On September 22, 2015, the School Board held a public meeting at which it considered Somerset's application. After reviewing all the materials submitted to the School Board, hearing testimony from Somerset and community representatives, and considering the evaluation team's recommendation, the School Board unanimously voted to deny Somerset's application. On October 1, 2015, the School Board sent Somerset a Notice of Denial letter, with supporting documents and transcripts detailing numerous deficiencies in the application and outlining the reasons for denial of the application.

Somerset appealed the School Board's denial of its charter application to the State Board of Education. In support of its denial, the School Board provided the State Board of Education with a record of the materials it considered at the hearing on the charter school application. In February 2016, after hearing oral argument from both parties, but without further discussion or questions, the State Board of Education voted to grant Somerset's appeal and overturn the School Board's denial. In March 2016, the Commissioner of Education, Pam Stewart, acting on behalf of the State Board of Education, issued a three-page final order cursorily stating the State Board's reasons for granting the appeal. The School Board appealed.

Our review of the State Board's reversal of the School Board's decision requires us to determine whether the School Board's denial of the high-performing replication charter application is supported by clear and convincing evidence. *Sch. Bd. of Seminole Cty. v. Renaissance Charter Sch., Inc.*, 113 So. 3d 72, 76–77 (Fla. 5th DCA 2013); *Sch. Bd. of Polk Cty. Fla. v. Renaissance Charter Sch., Inc.*, 147 So. 3d 1026, 1029 (Fla. 2d DCA 2014).

On appeal, the School Board argues that it demonstrated by clear and convincing evidence a valid basis for denying Somerset's application: the application did not materially comply with the requirements of section 1002.33(6)(b)3.b., Florida Statutes (2015). As such, the School Board contends that its denial of the application should be upheld.

Section 1002.33(6)(b)3.b., Florida Statutes (2015), provides that the School Board may deny the charter application if the application fails to meet any one of the five listed criteria. For example, the School Board may deny an application if "[t]he proposed charter school's educational program does not substantially replicate that of the applicant or one of the applicant's high-performing charter schools." § 1002.33(6)(b)3.b.(III), Fla. Stat. (2015).

Here, Somerset's application alleged that the proposed school would use the same education program and educational concept "as does #5151," the Chapel Trail school, but included vague, boilerplate statements in an attempt to support those assertions. Furthermore, the application included some educational staff it deemed vital to its educational program, but failed to appropriately account for those staff in its budget, which would also violate sections 1002.33(6)(b)3.b.(V) and 1002.33(6)(a), Florida Statutes (2015).

However, despite the School Board's specific, detailed, and well-founded objections to the deficiencies in Somerset's application and clear

3

and convincing evidence that Somerset's application did not materially comply with the requirements of section 1002.33(6)(b)3.b., Florida Statutes (2015), the State Board of Education issued an order overturning the School Board's decision and granted Somerset's application to open the charter school in St. Lucie County.  Because clear and convincing evidence supported the School Board's denial of Somerset's charter school application, we reverse the order of the State Board rejecting the School Board's decision and approving Somerset's application.  *See Sch. Bd. of Indian River Cty. v. Somerset Acad., Inc.*, Nos. 4D16-1227 & 4D16-1228, 2017 WL 4417733 (Fla. 4th DCA Oct. 4, 2017); *Sch. Bd. of Polk Cty. Fla.*, 147 So. 3d at 1029; *Sch. Bd. of Seminole Cty.*, 113 So. 3d at 77.

*Reversed.*

MAY and CIKLIN, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***