KAHN, J.
 

 In two actions that were consolidated below, appellees, twenty-six Florida counties (“counties”), filed suit seeking a declaratory judgment that Section 19, Chapter 2007-62, Laws of Florida, is unconstitutional under both Article V, Section 14, and Article VII, Section 18(a), of the Florida Constitution. The trial court entered an order of final summary judgment in favor of the counties. Appellants now challenge the trial court’s determination that Section 19 of Chapter 2007-62, Laws of Florida, is unconstitutional. For the reasons that follow, we affirm the trial court’s determination on all grounds.
 

 BACKGROUND
 

 After adoption of Article V of the Florida Constitution in 1972, local government was the main source of funding for the state court system.
 
 City of Ft. Lauderdale v. Crowder,
 
 983 So.2d 37, 39 (Fla. 4th DCA 2008). In 1998, however, the citizens of Florida adopted Article V, Section 14, as part of Revision 7. The new provision changed responsibility for funding the
 
 *779
 
 state court system, shifting the majority of the burden from the counties to the state.
 
 Id.
 
 Certain important capital expenses remained the obligation of the counties as to “trial courts, public defenders’ and state attorneys’ offices.... ” Art. V, § 14(c), Fla. Const.
 

 In 2007, the Legislature approved Chapter 2007-62, Laws of Florida, which established the Office of Criminal Conflict and Civil Regional Counsel (“Regional Conflict Counsel”). § 27.511, Fla. Stat. (2007). Regional Conflict Counsel serve as court-appointed counsel to represent indigent defendants, primarily in cases where public defenders have conflicts of interest.
 
 Crist v. Fla. Ass’n of Criminal Defense Lawyers, Inc.,
 
 978 So.2d 134, 138 (Fla.2008). This system effectively replaced the previous system where, in the case of a conflict, private counsel would be appointed from a registry list.
 
 Id.
 
 The private registry remains in use in cases where both the public defender’s office and Regional Conflict Counsel have conflicts.
 
 Id.
 
 Section 19 of Chapter 2007-62, Laws of Florida, amends section 29.008, Florida Statutes, to include Regional Conflict Counsel within the term “public defenders’ offices.” Thus, the Legislature effectively mandated that counties pay certain constitutionally defined costs to house the offices of both the public defender and Regional Conflict Counsel.
 

 The counties argue that Article Y, Section 14, of the Florida Constitution limits the Legislature’s intent and imposes funding responsibility for court-appointed counsel wholly upon the state. They further argue that it is beyond the Legislature’s power to enact a statute that attempts to modify or enlarge a constitutionally defined term. Permitting such modification, they contend, defeats the purpose of Article V, Section 14, set forth by the framers and voted on by the people of Florida. Conversely, appellants argue that Article V, Section 14, does not prohibit the Legislature from requiring counties to fund Regional Conflict Counsel.
 

 The counties further urge that Section 19 of Chapter 2007-62 violates Article VII, Section 18(a), of the Florida Constitution. Article VII, Section 18(a), establishes the proposition that before the Legislature may enact a general law requiring counties to expend local funds, it must first determine the law fulfills an important state interest. This has been referred to as the unfunded mandates provision.
 
 Crowder,
 
 983 So.2d at 39.
 

 Appellants respond that nothing in Article VII, Section 18(a), requires the Legislature to follow any particular procedure and that a legislative decision under Section 18(a) can be evidenced by something other than a formal declaration identifying the state interest as “important.” The counties clearly disagree. They contend that because Chapter 2007-62 imposes a mandate on counties to expend local funds, the Legislature was required, under the Constitution, to declare that the legislation fulfills an important state interest.
 

 ANALYSIS
 

 We approve the trial court’s decision and hold that Section 19 of Chapter 2007-62, Laws of Florida, unconstitutionally shifts the funding responsibility for certain costs of court-appointed counsel from the state to the counties. We hold the act unconstitutional also because the Legislature failed to make the constitutionally required determination of an important state interest. As these issues involve the constitutionality of a statute and interpretation of the Florida Constitution, they are subject to
 
 de novo
 
 review.
 
 Crist,
 
 978 So.2d at 139.
 

 
 *780
 
 In construing constitutional provisions, courts must first examine the actual language used in the Constitution.
 
 Crist,
 
 978 So.2d at 140. “If that language is clear, unambiguous, and addresses the matter in issue, then it must be enforced as written.”
 
 Fla. Soc’y of Ophthalmology v. Fla. Optometric Ass’n,
 
 489 So.2d 1118, 1119 (Fla.1986). The words of the Constitution “are to be interpreted in their most usual and obvious meaning, unless the text suggests that they have been used in a technical sense.”
 
 Wilson v. Crews,
 
 160 Fla. 169, 34 So.2d 114, 118 (1948) (quoting
 
 City of Jacksonville v. Glidden Co.,
 
 124 Fla. 690, 169 So. 216, 217 (1936)).
 

 In 1998, the Constitution Revision Commission amended Article V, Section 14, of the Florida Constitution, which reads in pertinent part:
 

 (a) Funding for the state court system, state attorneys’ offices, public defenders’ offices, and court-appointed counsel, except as otherwise provided in subsection (c), shall be provided from state revenues aj)propriated by general law.
 

 (c) Counties shall be required to fund the cost of communications services, existing radio systems, existing multi-agency criminal justice information systems, and the cost of construction or lease, maintenance, utilities, and security of facilities for the trial courts, public defenders’ offices, state attorneys’ offices, and the offices of the clerks of the circuit and county courts performing court-related functions.
 

 Art. V, § 14, Fla. Const. “The new plan for funding the judicial system primarily placed the burden on the state, with’ the share of the counties greatly reduced.”
 
 Crowder,
 
 983 So.2d at 39. The counties’ obligation to fund replacement counsel shifted to the State of Florida.
 
 State v. Pub. Defender, 11th Jud. Cir.,
 
 12 So.3d 798, 801 (Fla. 3d DCA 2009) (citing Article V, § 14(c), Fla. Const.;
 
 Crist,
 
 978 So.2d at 138).
 

 In addition to the Constitution’s plain language that court-appointed counsel must be funded by state revenue, the Statement of Intent drafted by the Constitution Revision Commission clearly states the Commission’s intent to make the state wholly responsible for funding court-appointed counsel:
 

 It is the intent of the proposers that the state be primarily responsible for funding the state court system, state attorneys’ offices and public defenders’ offices, and wholly responsible for funding court-appointed counsel and related costs necessary to ensure the protection of due process rights.
 

 Fla. Stat. Ann., Const. Art. V, § 14 (West 2009).
 

 Appellants argue that neither the language of the Constitution nor the Statement of Intent anticipated the creation of another public entity such as Regional Conflict Counsel. Although perhaps true, this argument does not avail its crafters. Both the plain language of Revision 7 and the framers’ expression of intent demonstrate that the state will be “wholly responsible for funding court-appointed counsel and related costs necessary to ensure the protection of due process rights.” Fla. Stat. Ann., Const. Art. V, § 14 (West 2009).
 

 The Florida Supreme Court has already held that Regional Conflict Counsel are not public defenders and do not perform the constitutional duties of public defenders.
 
 Crist,
 
 978 So.2d at 146. Instead, the legal character of Regional Conflict Counsel should depend on what they do, not on how they might be characterized for purposes of funding.
 
 Id. at 145.
 
 The court also held that “there appears to be no significant legal difference between the current Regional Conflict Counsel system
 
 *781
 
 and the prior system of appointing private counsel in conflict cases.”
 
 Id.
 
 at 146. “Other than the fact that the Regional Conflict Counsel are government officers and private registry counsel are independent contractors, their responsibilities are identical- — to represent indigent defendants in criminal cases when the public defender has a conflict.”
 
 Id.
 
 Appellants concede that Regional Conflict Counsel are “court appointed counsel.”
 

 ■ Because we find no significant legal difference between the Regional Conflict Counsel system and the previous private court-appointed counsel system, we conclude that Section 19 of Chapter 2007-62, Laws of Florida, stands inconsistent with the Constitution’s language and the framers’ intent. Section 19 attempts to require counties to fund Regional Conflict Counsel’s overhead costs. Article V, Section 14(c), however, clearly requires the state to fund such costs.
 

 We further approve the circuit court’s holding that the Legislature adopted Section 19 of Chapter 2007-62 in violation of Article VII, Section 18(a), of the Florida Constitution. Section 18(a) provides that
 

 [n]o county or municipality shall be bound by any general law requiring such county or municipality to spend funds or to take an action requiring the expenditure of funds unless the legislature has determined that such law fulfills an important state interest.
 

 Art. VII, § 18(a), Fla. Const. Although Chapter 2007-62 contains general statements of intent as to the creation of Regional Conflict Counsel, it provides no indication that the Legislature ever determined that creation of the Office fulfills an important state interest. Appellants argue that the “importance” of the act was declared when the Legislature deemed this law “necessary,” and stated the law’s purpose to provide adequate representation to persons entitled to court-appointed counsel under the federal and state constitutions. Such does not, however, demonstrate any attempt to comply with the purposeful restraint imposed under the Constitution.
 
 See
 
 Ch. 2004-263, § 2, Laws of Florida (following the procedures recommended by the House and Senate leadership in 1991 by inserting a separate provision in the bill stating unequivocally: “The Legislature determines and declares that this act fulfills an important state interest.”).
 

 Moreover, the Staff Analysis for CS/SB 1088, later codified into Chapter 2007-62, Laws of Florida, lacks any contemplation of unfunded mandate issues.
 
 See
 
 Professional Staff Analysis and Economic Impact Statement, Florida Senate, Criminal and Civil Justice Appropriations Committee, CS/SB 1088 (March 28, 2007), section IV(A). CS/SB 1088 clearly required counties to expend local funds; nevertheless, in the Staff Analysis section titled “Municipality/County Mandates Restrictions,” the legislative staff simply inserted the word “none.”
 
 Id.
 
 This supports our conclusion that the Legislature simply did not consider the unfunded mandate issues; thus, the Legislature violated Article VII, section 18(a), of the Florida Constitution. We decline to approve appellant’s argument that a reviewing court may make the required determination where the Legislature did not. Such a holding would allow the constitutionally restricted exception to unfunded mandates to completely outstretch the general rule against such enactments.
 

 CONCLUSION
 

 The trial court correctly held that Section 19 of Chapter 2007-62, Laws of Florida, violates both Article V, Section 14, and Article VII, Section 18, of the Florida Constitution. We AFFIRM the trial court’s
 
 *782
 
 final judgment in all respects and enter judgment for appellees.
 

 BROWNING, J., concurs; DAVIS, J., concurs in result.