QUINCE, J.
 

 This case is before the Court on appeal from the decision of the First District Court of Appeal in
 
 Lewis v. Leon County,
 
 15 So.3d 777 (Fla. 1st DCA 2009). In its decision, the First District held that section 19 of chapter 2007-62, Laws of Florida, was invalid. We have jurisdiction.
 
 See
 
 art. V, § 3(b)(1), Fla. Const.
 

 For the reasons stated below, we affirm the decision of the First District. Based on our determination that the First District correctly held that section 19 of chapter 2007-62 is unconstitutional under article V, section 14 of the Florida Constitution, we conclude that it is unnecessary to address whether section 19 violates article VII, section 18(a) of the constitution.
 
 [1]
 

 FACTS AND PROCEDURAL HISTORY
 

 In 2007, the Legislature enacted chapter 2007-62, Laws of Florida (the “Act”). The Act created a new system of court-appointed counsel to represent indigent defendants, primarily in those cases where the public defender has a conflict of interest.
 
 See Crist v. Fla. Ass’n of Criminal Def. Lawyers,
 
 978 So.2d 134, 137 (Fla.2008). As part of this new system, the Act established the Offices of Criminal Conflict and Civil Regional Counsel (the “RCC”), which consist of five offices located within the geographic boundaries of each of the five district courts of appeal.
 
 See
 
 § 27.511(1), Fla. Stat. (2007). The Act requires courts to appoint counsel from the RCC when the public defender has a conflict of interest. § 27.511(5). This system effectively replaced the previous system where, in the case of a conflict, courts would appoint private counsel from a registry list.
 
 Crist,
 
 978 So.2d at 138. The private counsel registry list remains in use but only in those cases where both the public defender’s office and the RCC have a conflict of interest.
 
 Id.
 

 Section 19 of the Act amended section 29.008, Florida Statutes, to include RCC within the term “public defenders’ offices.” By doing so, the Legislature made article V, section 14(c) of the Florida Constitution applicable to the RCC and “effectively mandated that counties pay certain constitutionally defined costs to house the offices
 
 *153
 
 of both the public defender and [RCC].”
 
 Lewis,
 
 15 So.3d at 779.
 

 Twenty-six Florida counties and the Florida Association of Counties filed suit seeking a declaratory judgment that section 19 of the Act was unconstitutional under both article Y, section 14, and article VII, section 18(a) of the Florida Constitution. The trial court entered an order of final .summary judgment in favor of the counties. Jeffrey E. Lewis, Jackson S. Flyte, Joseph P. George, Jr., Philip J. Mass, and Jeffrey D. Dean, in their official capacities as Criminal Conflict and Civil Regional Counsel, Senate President Jeff Atwater, Speaker of the House Larry Cre-tul, and the State of Florida appealed the trial court’s decision to the First District Court of Appeal.
 

 The First District affirmed the trial court’s decision and held that section 19 of the Act unconstitutionally shifts the responsibility to fund certain costs of court-appointed counsel from the state to the counties in violation of article V, section 14. The First District also found section 19 unconstitutional based on the Legislature’s failure to make the constitutionally required determination of an important state interest, as provided in article VII, section 18(a) of the constitution.
 

 ISSUE AND ANALYSIS
 

 The issue before the court is whether section 19 of chapter 2007-62, Laws of Florida, unconstitutionally shifts the state’s responsibility for funding certain costs of court-appointed counsel from the state to the counties in violation of article V, section 14 of the Florida Constitution. This case involves the constitutionality of a statute and the interpretation of a provision of the Florida Constitution. These are questions of law subject to de novo review by this Court.
 
 Crist,
 
 978 So.2d at 139;
 
 Fla. Dep’t of Revenue v. City of Gainesville,
 
 918 So.2d 250, 256 (Fla.2005);
 
 Zingale v. Powell,
 
 885 So.2d 277, 280 (Fla.2004).
 

 Although our review is de novo, statutes come clothed with a presumption of constitutionality and must be construed whenever possible to effect a constitutional outcome.
 
 See City of Gainesville,
 
 918 So.2d at 256 (quoting
 
 Fla. Dep’t of Revenue v. Howard,
 
 916 So.2d 640, 642 (Fla.2005)). “[S]hould any doubt exist that an act is in violation ... of any constitutional provision, the presumption is in favor of constitutionality. To overcome the presumption, the invalidity must appear beyond reasonable doubt, for it must be assumed the legislature intended to enact a valid law.”
 
 Franklin v. State,
 
 887 So.2d 1063, 1073 (Fla.2004) (quoting
 
 State ex rel. Flink v. Canova,
 
 94 So.2d 181, 184 (Fla.1957)).
 

 When reviewing constitutional provisions, this Court “follows principles parallel to those of statutory interpretation.”
 
 Zingale,
 
 885 So.2d at 282. First and foremost, this Court must examine the actual language used in the constitution.
 
 Crist,
 
 978 So.2d at 140;
 
 City of Gainesville,
 
 918 So.2d at 256. “If that language is clear, unambiguous, and addresses the matter in issue, then it must be enforced as written.”
 
 Fla. Soc’y of Ophthalmology v. Fla. Optometric Ass’n,
 
 489 So.2d 1118, 1119 (Fla.1986). The words of the constitution “are to be interpreted in their most usual and obvious meaning, unless the text suggests that they have been used in a technical sense.”
 
 Wilson v. Crews,
 
 160 Fla. 169, 34 So.2d 114, 118 (1948) (quoting
 
 City of Jacksonville v. Glidden Co.,
 
 124 Fla. 690, 169 So. 216, 217 (1936)). Additionally, this Court “endeavors to construe a constitutional provision consistent with the intent of the framers and the voters.”
 
 Zingale,
 
 885 So.2d at 282 (quoting
 
 Caribbean Conservation Corp. v. Fla. Fish &
 
 
 *154
 

 Wildlife Conservation Comm’n,
 
 888 So.2d 492, 501 (Fla.2003)). Constitutional provisions “must never be construed in such manner as to make it possible for the will of the people to be frustrated or denied.”
 
 Id.
 
 (quoting
 
 Caribbean Conservation,
 
 838 So.2d at 501).
 

 The constitutional provision at issue in this case is article V, section 14. This provision was submitted by the 1998 CRC as Revision 7 to Article V of the Florida Constitution. This provision substantially and significantly revised judicial system funding, greatly reducing funding from local governments and placing the responsibility primarily on the state. The provision was adopted by the electorate in 1998 and became fully effectuated in 2004.
 
 See City of Fort Lauderdale v. Crowder,
 
 983 So.2d 37, 39 (Fla. 4th DCA 2008).
 

 Article V, section 14 provides in pertinent part:
 

 (a) All justices and judges shall be compensated only by state salaries fixed by general law. Funding for the state courts system, state attorneys’ offices, public defenders’ offices, and court-appointed counsel, except as otherwise provided in subsection (c), shall be provided from state revenues appropriated by general law.
 

 [[Image here]]
 

 (c) No county or municipality, except as provided in this subsection, shall be required to provide any funding for the state courts system, state attorneys’ offices, public defenders’ offices, court-appointed counsel or the offices of the clerks of the circuit and county courts for performing court-related functions. Counties shall be required to fund the cost of communications services, existing radio systems, existing multi-agency criminal justice information systems, and the cost of construction or lease, maintenance, utilities, and security of facilities for the trial courts, public defenders’ offices, state attorneys’ offices, and the offices of the clerks of the circuit and county courts performing court-related functions. Counties shall also pay reasonable and necessary salaries, costs, and expenses of the state courts system to meet local requirements as determined by general law.
 

 In the instant case, the First District Court and the Leon County Circuit Court concluded that the plain language of article V, section 14 provides that the state is responsible for funding the RCC, including the overhead costs outlined in subsection (c). 15 So.3d at 780. We agree. Subsection (a) provides that funding for the court system, state attorneys’ offices, public defenders’ offices, and court-appointed counsel “shall be provided from state revenues appropriated by general law” “except as otherwise provided in subsection (c).” Art. V, § 14(a), Fla. Const. Subsection (c) specifies that the counties are required to fund certain overhead costs (communications services, information systems, construction or lease of facilities, maintenance, utilities, and security of facilities) for “the trial courts, public defenders’ offices, state attorneys’ offices, and the offices of the clerks of the circuit and county courts performing court-related functions.” Art. V, § 14(c), Fla. Const. Noticeably missing from this constitutional language is court-appointed counsel. Thus, the plain language of the constitutional provision approved by the voters only required the counties to pay overhead costs for the offices specified in subsection (c).
 

 Furthermore, this Court has held that the RCC is more akin to private court-appointed counsel than to the public defenders’ offices. In
 
 Crist,
 
 we upheld the Act against a challenge that it violated article V, section 18 of the Florida Constitution, which provides for the election
 
 *155
 
 of a public defender in each judicial circuit.
 
 Crist,
 
 978 So.2d at 137. We concluded that the Act was “an organizational structure that supplants the prior system of private registry counsel and does not establish de facto public defenders in violation of the constitution.”
 
 Id.
 
 We also observed that “there appears to be no significant legal difference between the current [RCC] system and the prior system of appointing private counsel in conflict cases.”
 
 Id.
 
 at 146. “Other than the fact that the [RCC] are government officers and the private registry counsel are independent contractors, their responsibilities are identical — to represent indigent defendants in criminal cases when the public defender has a conflict.”
 
 Id.
 
 Thus, this Court has concluded that the RCC are not public defenders and do not perform the constitutional duties of public defenders.
 
 Id.
 

 The Appellants counter that at the time the provision was proposed by the CRC and approved by the voters, court-appointed counsel were private attorneys who maintained their own offices and were compensated by a set schedule prescribed by statute. The Appellants are essentially arguing that, because the electorate agreed to require the counties to pay the overhead costs of those public offices named in subsection(c), they implicitly approved county funding of the overhead costs of any other public judicial offices created by the Legislature in the future.
 

 Under the Appellants’ theory, the Legislature could accomplish an “end around” the plain language of the constitutional provision by redefining through statute what entities are included in the offices listed in section 14(c). This would effectively amend the constitution without voter approval. Based on the plain language of article V, section 14 and the intent expressed by the CRC, we agree with the First District’s conclusion that section 19 of chapter 2007-62, Laws of Florida, violates the constitutional requirement that the state fund the overhead costs of all judicial offices that are not expressly listed in article V, section 14(c).
 

 CONCLUSION
 

 For the reasons expressed above, we affirm the First District’s decision in this case to the extent that it holds section 19 of chapter 2007-62, Laws of Florida, violates article V, section 14 of the Florida Constitution.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . Article VII, section 18(a) of the Florida Constitution provides that before the Legislature may enact a general law requiring counties to expend local funds, it must first determine the law fulfills an important state interest. This provision is commonly referred to as the "unfunded mandates” section and was designed to prevent the Legislature from imposing requirements on local governments without providing a means to pay for such requirements.
 
 See
 
 art. VII, § 18, Fla. Const., cmt.