Forst, J.
Appellant School Board of Palm Beach County (“School Board”) appeals a final order entered by the State Board of Education (“State Board”) that determined the School Board lacked good cause to deny a charter school application. The School Board also challenges the constitutionality of the charter school application appeal statute. As set forth below, we affirm the constitutionality of the charter school statute’s administrative appeal process, but reverse the State Board’s order and remand to the State Board for further proceedings necessary to comply with section 1002.33(6)(e)5., Florida Statutes (2016).
Background
Appellees Florida Charter Educational Foundation, Inc. and South Palm Beach Charter School (“Applicants”) submitted an application to the School Board to open a new charter school in Palm Beach County. The School Board mailed Applicants notice of a hearing regarding the application, noting that its district evaluators “determined that the sections [of the application] ‘Meet the Standard’ according to the Florida Charter School Application Evaluation Instrument.” At the School Board hearing reviewing the application, some School Board members acknowledged the application was legally sufficient on its face—that it met the technical requirements of the charter school statute. However, some members expressed concerns with lack of funding should another charter school operate in the county, as well as increased competition to traditional public schools. There was also concern expressed regarding the uniqueness of the proposed school’s curriculum.
Ultimately, the School Board voted unanimously to deny the application. In its decision letter to Applicants, the School Board cited two reasons for the denial: (1) a lack of innovative learning methods, and (2) the existence of an already failing charter school in the county. The School Board noted that, under the “Guiding principles; purpose” section of the charter school statute, one of the core missions of charter schools is to “[e]ncourage the use of innovative learning methods.” § 1002.33(2)(b)3., Fla. Stat. Another is to provide “diverse educational opportunities.” § 1002.33(2)(a)l., Fla. Stat. The School Board’s letter concluded that Applicants’ proposal failed to satisfy either purpose, noting that “the learning methods were not using new ideas or methods or new ideas about how learning can be done in this District.”
Applicants appealed the School Board’s denial to the State Board, pursuant to section 1002.33(6)(c), Florida Statutes. Their main argument was that the School Board was “plainly biased and acted illegally by denying the charter application” *359 and that the board’s stated reasons were “a smokescreen for the School Board’s desire to deny the Application to save itself money.” Applicants’ challenge to the legality of the denial was that it “was not supported by competent and substantial evidence and was not a valid statutory basis for denial.” The School Board’s response filed with the State Board stated that it denied the application due to a lack of innovative educational methods and that the “strategies and programs [delineated in the application] are replicas or mirrored [sic] images of what has been practiced for more than a decade in the schools of this District.”
Initially, the appeal was presented to the Charter School Appeal Commission (“CSAC”), an advisory body that makes recommendations to the State Board concerning charter school actions. § 1002.33(6)(e)l., Fla. Stat. Following a cursory hearing, CSAC unanimously determined “that the School Board did not have competent substantial evidence to support its denial of the Charter School Application based on the Applicant’s failure to meet the standards for the Education Plan pursuant to Section 1002.33, Florida Statutes, and State Board of Education Rule 6A-6.0786, Florida Administrative Code.” Accordingly, CSAC recommended that the State Board reverse the School Board’s denial of the charter school application. CSAC did not make any factual determinations in its recommendation.
Following issuance of CSAC’s recommendation, a hearing was held before the State Board as to “[w]hether the School Board had good cause to deny the application based on Applicant’s failure to comply with Section 1002.33(6), Florida Statutes.” Without any questions or discussion, the State Board voted unanimously to reverse the School Board’s denial of the charter school application, holding that the School Board lacked good cause in denying the application. The State Board’s order stated that “[u]pon review of the evidence presented to the School Board, the [CSAC] recommendation and hearing transcripts [and] pursuant to Section 1002.33(6), Florida Statutes, it is hereby ordered that the School Board’s denial of the Charter School’s application is reversed.”
As noted above, the School Board now appeals the State Board’s order on two grounds. First, the School Board challenges the constitutionality of the charter school statute’s appeal provision, arguing it empowers the State Board, and not the School Board, to determine the creation of a charter school. Second, the School Board argues it had good cause to deny Applicants’ charter school application.
Analysis

A. The Charter School Statute’s Appeal Provision Is Constitutional

The School Board asserts that the charter school statute’s appeal provision unconstitutionally empowers the State Board to infringe upon the exclusive authority of local school boards to determine the creation of charter schools. Pursuant to article IX, section 4 of the Florida Constitution, “[t]he school board shall operate, control and supervise all free public schools within the school district.” Art. IX, § 4(b), Fla. Const. According to the School Board, by allowing the State Board to reverse actions of a local school board on appeal, the charter school statute effectively empowers the State Board to be the ultimate creator of charter schools. Specifically, the School Board takes issue with section 1002.33(6)(c), Florida Statutes, which allows for such an appeal.
We review de novo whether the charter school statute’s appeal provision is constitutional. See Fla. Dep’t of Revenue v. Gainesville, 918 So.2d 250, 256 (Fla. 2005) *360 (“The determination of a statute’s constitutionality and the interpretation of a constitutional provision are both questions of law reviewed de novo by this Court.”). “Although our review is de novo, statutes come clothed with a presumption of constitutionality and must be construed whenever possible to effect a constitutional outcome.” Lewis v. Leon Cty., 73 So.3d 151, 153 (Fla. 2011). Thus, we presume that “the legislature intended to enact a valid law.” Id. at 153 (quoting Franklin v. State, 887 So.2d 1063, 1073 (Fla. 2004)).
We hold that the charter school statute’s appeal provision is facially constitutional. Contrary to the School Board’s argument, the State Board appeal process does not infringe upon the School Board’s constitutional power to “operate, control and supervise all free public schools within the school district.” Art. IX, § 4(b), Fla. Const, (emphasis added). The Florida Constitution provides that “[t]he state board of education shall be a body corporate and have such supervision of the system of free public education as is provided by law.” Art. IX, § 2, Fla. Const, (emphasis added). The Florida Constitution therefore creates a hierarchy under which a school board has local control, but the State Board supervises the system as a whole. This broader supervisory authority may at times infringe on a school board’s local powers, but such infringement is expressly contemplated—and in fact encouraged by the very nature of supervision—by the Florida Constitution. It is “a paramount duty of the state to make adequate provision for the education of all children within its borders.” Art. IX, § 1(a), Fla. Const, (emphasis added). The legislature’s adoption of section 1002.33(6)(c) is therefore constitutional. It is a law, enacted by the state, providing for the “supervision of the system of free public education” by the State Board, with the supervision exercised through an appellate review process related to issues involving charter schools. Art. IX, § 2, Fla. Const.
Our holding is consistent with an earlier opinion by one of our sister courts. In School Board of Volusia County v. Academies of Excellence, Inc., 974 So.2d 1186 (Fla. 5th DCA 2008), the Fifth District Court of Appeal explained:
Section 1002.33(6)(c) does not permit the State Board to open a charter school. Rather, the statute permits the State Board to approve or deny a charter application after it completes an extensive review process. Granting a charier application is not equivalent to opening a public school. The approval of an application is just the beginning of the process to open a charter school. Once the charter application has been granted, the school board still has control over the process because the applicant and the school board must agree on the provisions of the charter. See § 1002.33(6)(h), Fla. Stat. (2005). A school board can also cause a charter to be revoked or not renewed. See § 1002.33(8), Fla. Stat. (2005). Furthermore, under the Constitution of Florida, while the school board shall operate, control and supervise all free public schools within their district the State Board of Education has supervision over the system of free public education as provided by law.
Sch. Bd. of Volusia Cty., 974 So.2d at 1193 (emphases added). The Fifth District explicitly recognized that one provision in the Florida Constitution allowed school boards to create charter schools, while another provision requires that the State Board supervise local school board decisions. The responsibilities are distinct.
Other “laws, standards, and rules” demonstrate that a local school board retains its power to “operate, control and super *361 vise” charter schools. See § 1000.03, Fla. Stat. (2016). For instance, a local school board must still negotiate with the proposed charter school to create a charter contract, and can always terminate the contract should the school later breach it. § 1002.33(7)-(8), Fla. Stat. A local school board can always initially deny an application—like in the present case—or an application renewal, should that application be deficient for failing to comply with the requirements of the charter school statute. § 1002.33(6)0»), (8), Fla. Stat. The charter school statute even provides a local school board, not the State Board, with the ability to instantly terminate a charter if there are “facts and circumstances .indicating that an immediate and serious danger to the health, safety, or welfare of the charter school’s students exists.” § 1002.33(8)(d), Fla. Stat.
The School Board’s reliance on Duval County School Board v. State, Board of Education, 998 So.2d 641 (Fla. 1st DCA 2008), is misplaced. There, the First Distinct held that section 1002.335, Florida Statutes, was facially unconstitutional because the establishment of the “Florida Schools of Excellence Commission,” an independent state-level entity that could directly authorize the creation of charter schools, “pose[d] a present total and fatal conflict with article IX, section 4 of the Florida Constitution.” Duval Cty. Sch. Bd., 998 So.2d at 644. The statute in the present case does not compare. It does not create a new state-level entity, and does not specifically imbue this entity with the power to bypass local school boards in order to independently authorize charter schools. Rather, the statute at issue here only subjects the local school boards’ authority to the State Board’s supervisory review.
The School Board’s final pertinent constitutional argument[1] is that the charter school statute violates a local school board’s due process rights because it fails to provide the State Board with any criteria or standards when reviewing a local school board’s denial of an application. We disagree. The statute states: “If an application is denied [by a school board], the sponsor [school board] shall, within 10 calendar days after such denial, articulate in writing the specific reasons, based upon good cause, supporting its denial of the application .... ” § 1002.33(6)(b)3.a., Fla. Stat. (emphasis added). In School Board of Osceola County v. UCP of Central Florida, 905 So.2d 909 (Fla. 5th DCA 2005), the Fifth District explained that good cause “contemplates a legally sufficient réason” for the dénial. Id. at 914. Stated differently, the charter school statute requires that local school boards have a legal basis (“good cause”) for the denial. • Accordingly, the State Board reviews de novo whether the school board’s determination was supported by competent, substantial evidence that meets this “good cause” legal standard. Imhotep-Nguzo Saba Charter Sch. v. Dep’t of Educ., 947 So.2d 1279, 1285 (Fla. 4th DCA 2007).

*362
B. The Charter School Statute Requires CSAC to Include a Fact-Based Justification in Its Recommendation to the State Board

Although the School Board’s arguments with respect to the constitutionality of the charter school statute are merit-less, we agree that CSAC (and therefore the State Board) erred by failing to include fact-based justifications in its recommendation pursuant to the charter school statute. The interpretation of a statute’s requirements is a purely legal matter subject to de novo review. Parker v. Parker, 185 So.3d 616, 618 (Fla. 4th DCA 2016). We review the State Board’s determination on the appeal of the denial of Applicants’ application for competent, substantial evidence. Imhotep-Nguzo Saba Charter Sch., 947 So.2d at 1285.
The charter school statute establishes CSAC in order to “assist the commissioner and the State Board of Education with a fair and impartial review of appeals by applicants whose charter applications have been denied.” § 1002.33(6)(e)l., Fla. Stat. In doing so, CSAC makes a written recommendation to the State Board regarding “whether the appeal should be upheld or denied and include[s] the reasons for the recommendation being offered.” § 1002.33(6)(e)2., Fla. Stat. Importantly, “[a] fact-based justification for the recommendation must be included.” § 1002.33(6)(e)5., Fla. Stat. (emphases added). The State Board “must consider the commission’s recommendation in making its decision, but is not bound by the recommendation.” § 1002.33(6)(e)2., Fla. Stat.
Here, CSAC failed to include a “fact-based justification” in its recommendation to the State Board. All the recommendation stated was “that School Board did not have competent substantial evidence to support its denial of the Charter School Application based on the Applicant’s failure to meet the standards for the Educational Plan pursuant to 1002.33 .... ” This is a legal conclusion, not a fact-based justification. CSAC was required to make factual findings, either about the application itself or the process used by the School Board in making its decision, which would have supported this conclusion. Moreover, at the required CSAC meeting, CSAC members failed to discuss the issue, ask any questions to the parties, or engage in any fact-finding before their vote. CSAC’s sole, conclusory statement in its recommendation failed to assist the State Board in making a fair and impartial review of the denial, and frustrates our review of the record. Due to the omission, we cannot meaningfully determine if the State Board’s decision was supported by competent, substantial evidence.
Accordingly, we reverse and remand this case so that CSAC can make factual determinations consistent with section 1002.33(6)(e)5., Florida Statutes. See Sch. Bd. of Palm Beach Cty. v. Survivors Charter Sch., Inc., 3 So.3d 1220, 1230 (Fla. 2009) (“The CSAC must ... include a ‘fact-based justification for the recommendation.’” (quoting § 1002.33(6)(e)5., Fla. Stat. (2005))); Sch. Bd. of Volusia Cty., 974 So.2d at 1190 (“The statute clearly states that the Commission ... must include a fact-based justification for its recommendation.”). Once CSAC has satisfied its duty of providing a “fact-based justification” for its recommendation, the State Board may adopt the recommendation or reject it. If the latter, we encourage the State Board to provide an explanation as to its determination that CSAC’s recommendation is not supported by competent, substantial evidence. Although a “fact-based justification” on the part of the State Board itself is not required by the statute, a failure to do more than summari *363 ly reject the CSAC recommendation may render appellate review of the State Board’s decision impossible. See § 1002.33(6)(d), Fla. Stat. (“The State Board of Education’s decision is ... subject to judicial review in the district court of appeal.”); Boyette v. State Prof'l Practices Council, 346 So.2d 598, 601 (Fla. 1st DCA 1977) (“[I]t is clearly our responsibility to determine whether the findings of fact and conclusions of law of the agency are supported by competent, substantial evidence and to set aside or remand action which is not so supported.”).
Conclusion
We hold the charter school statute’s appeal provision constitutional. However, because CSAC failed to adhere to the charter school statute’s specific mandate, we reverse the State Board’s order reversing the School Board’s denial of Applicants’ charter school application, and remand the case to the State Board for the purpose of having CSAC provide a fact-based justification to support its recommendation to the State Board. Once the State Board has CSAC’s revised recommendation, it may then issue a determination, accepting or rejecting the recommendation. We offer no view on the merits of Applicants’ appeal to the State Board.

Reversed and remanded.

Taylor and Klingensmith, JJ., concur.

. We leave for another day the School Board's remaining constitutional argument, that the charter school statute also violates due process by failing to dictate whether the State Board must provide written reasons for overturning a school board’s decision. We note in passing that the statute requires only CSAC to explain such reasons. § 1002.33(6)(e)2., Fla. Stat. Although we can ■ imagine a scenario where appellate review by this Court is unduly complicated because the State Board does not adopt CSAC's reasons, and then fails to detail its own rationale for denial, that is not the situation in this case, and therefore the due process concern is not ripe. See Sch. Bd. of Polk Cty. Fla. v. Renaissance Charter Sch., Inc., 147 So.3d 1026, 1028-29 (Fla. 2d DCA 2014) (recognizing "certain deficiencies in the charter school statute”).