DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCHOOL BOARD OF PALM BEACH COUNTY,**
Appellant,

v.

**FLORIDA DEPARTMENT OF EDUCATION; RENAISSANCE CHARTER SCHOOL, INC.;** and **RENAISSANCE CHARTER HIGH SCHOOL OF PALM BEACH,**
Appellees.

No. 4D16-2207

[February 14, 2018]

Appeal from the State of Florida, Department of Education; L.T. Case No. 2015-3244-FOI.

JulieAnn Rico, General Counsel, A. Denise Sagerholm and Sean Fahey, Assistant General Counsel, Office of General Counsel, The School Board of Palm Beach County, Florida, West Palm Beach, for appellant.

Stephanie Alexander and Edward J. Pozzuoli of Tripp Scott, P.A., Fort Lauderdale, for appellees Renaissance Charter School, Inc., and Renaissance Charter High School of Palm Beach.

PER CURIAM.

Renaissance Charter School, Inc. and Renaissance Charter High School of Palm Beach (collectively, "Renaissance") sought to open a charter school and submitted their application to the School Board of Palm Beach County ("the School Board"). After the School Board rejected the application, the Charter School Appeal Commission ("CSAC") recommended that Renaissance's appeal be granted, and the State Board of Education adopted the recommendation and reversed the School Board's denial of the application. The School Board took this appeal, wherein it raises evidentiary issues and also challenges the constitutionality of the charter school appeal statute, section 1002.33(6)(c), Florida Statutes (2015). We affirm on the constitutional challenge, but we reverse and remand for CSAC to make factual findings necessary for review of the evidentiary issues raised on appeal.

The School Board's challenge of section 1002.33(6)(c), Florida Statutes, was entertained by this court in another appeal and found to be without merit.[1] *See Sch. Bd. of Palm Beach Cty. v. Fla. Charter Educ. Found., Inc.*, 213 So. 3d 356, 359-61 (Fla. 4th DCA 2017), *rev. denied*, No. SC17-958 (Fla. Sept. 19, 2017). We elaborate no further on that issue.

With respect to the other issues raised on appeal, CSAC's findings are inadequate for meaningful review. In *School Board of Palm Beach County*, 213 So. 3d at 359, CSAC's written recommendation stated "that the School Board did not have competent substantial evidence to support its denial of the Charter School Application based on the Applicant's failure to meet the standards for the Education Plan pursuant to 1002.33, Florida Statutes, and State Board of Education Rule 6A-6.0786, Florida Administrative Code." This court recognized that section 1002.33(6)(e)5., Florida Statutes (2016), requires CSAC to include a fact-based justification in its written recommendation to the State Board of Education, and it found that CSAC's finding was a "legal conclusion, not a fact-based justification," and as such, meaningful review was not possible. *Id.* at 362. This court further noted that CSAC members failed to engage in discussion and fact-finding during their meeting. *Id.*

Here, CSAC's written recommendation contained only legal conclusions:

> [T]he School Board did not have competent substantial evidence to support its denial of the Charter School Application based on the Applicant's failure to meet the standards for the Educational Plan pursuant to Section 1002.33, Florida Statutes, and State Board of Education Rule 6A-6.0786, Administrative Code. . . . the Organizational Plan pursuant to Section 1002.33, Florida Statutes, and State Board of Education Rule 6A-6.0786, Florida Administrative Code. . . . [and] the Business Plan pursuant to Section 1002.33, Florida Statutes, and State Board of Education Rule 6A-6.0786, Florida Administrative Code.

Although CSAC members posed questions to the parties during the CSAC meeting, their questions do not shed light on CSAC's fact-based justification for its recommendation.

---

[1] In the other appeal, this court cited to the 2016 version of the statute. This appeal involves the 2015 version of the statute, but the subsections at issue are the same in both versions of the statute.

Based on the foregoing, we reverse and remand for CSAC to make factual findings consistent with section 1002.33(6)(e)5., Florida Statutes (2015).

*Reversed and remanded with instructions.*

WARNER, CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***